## COMMONWEALTH *vs.* THOMAS CAHILL.

An indictment for robbery of sundry bank bills and United States treasury notes, all to‐gether "amounting to ninety dollars and of the value of ninety dollars," cannot be sup‐ported by proof of a robbery of United States treasury notes alone.

INDICTMENT for robbery of "sundry bank bills and sundry promissory notes issued by the United States, commonly called legal tender notes, all said bills and notes, which the jurors can‐not more particularly describe, together amounting to ninety dollars, and of the value of ninety dollars," from the person of Allen S. Cook.

At the trial in the superior court, before *Rockwell*, J., there was no evidence that any bank bills were taken from Cook, and the defendant asked the court to rule that as the indictment alleged only a collective value of the United States notes and the bank bills, and no separate value of the United States notes was alleged, the indictment was not sustained and no convic‐tion could be had. But the judge ruled that the defendant might be convicted, if he robbed Cook of the United States notes. The jury accordingly returned a verdict of guilty, and the defendant alleged exceptions.

*G. M. Stearns*, for the defendant.

*Reed*, A. G., for the Commonwealth.

FOSTER, J. The attorney general has conceded that the rule stated in the defendant's prayer for instructions is applicable to

indictments for larceny. Where several articles, all of one kind, are described, their value may be alleged in the aggregate or collectively, and the defendant may be convicted of stealing a part only, of less value than the whole. *Commonwealth* v. *O' Connell, ante,* 451. But where articles of different kinds are alleged to have been stolen, and only the collective value of the whole is averred, there can be no conviction upon proof of stealing either description of property alone. If not guilty of the larceny of each class of articles, the defendant must be acquitted altogether; because otherwise it does not appear with the certainty required in criminal pleading that the property which the verdict finds he took had any value. *Hope* v. *Commonwealth,* 9 Met. 134.

The applicability of the same rule to indictments for robbery is shown by the very definition of that crime, which is only an aggravated species of larceny, " a felonious taking of property from the person of another by force." *Donolly's case,* 2 East P. C. 725. The value of the property taken is immaterial, but by the very terms of our statute, as well as at common law, it must be " money or other property which may be the subject of larceny." Gen. Sts. *c.* 160, § 24. And the indictment, in addition to alleging that the felonious taking was by violence or putting in fear, must contain the averments necessary in indictments for other larcenies. *Commonwealth* v. *Clifford,* 8 Cush. 215.

Under the allegation of value in the present case, upon the evidence the defendant was entitled to an acquittal.

*Exceptions sustained.*