# WHEELING.

## STATE v. JACKSON.

Submitted June 24, 1885.—Decided July 3, 1885.

1. In an indictment for robbery "silver coin of the value of $2.00" is a sufficient description of the property taken.   (p. 253.)

2. Upon the trial of such an indictment it is proper to permit the party, from whom the coin was taken, to give evidence as to the number and value of the pieces taken     (p. 253.)

The facts of the case are stated in the opinion of the Court.

*W. G. Bennett* for plaintiff in error.

*Alfred Caldwell,* Attorney General, for State.

JOHNSON, PRESIDENT:

At the December term of the circuit court of Braxton county held in 1878 Harrison Jackson was indicted for robbery in these words:

"The jurors of the State of West Virginia in and for the body of the county of Braxton and now attending the said court upon their oaths present, that Harrison Jackson on the — day of October 1878 in the said county, he the said Harrison Jackson being then and there armed with a dangerous weapon, to-wit, with a loaded pistol, on one William J. Fling,

feloniously did make an assault, and him the said William J. Fling, in bodily fear feloniously did put, and silver coin of the value of $2.00, of the goods and chattels, money and property of the said William J. Fling, from the person and against the will of the said William J. Fling, then and there to-wit, on the day and year aforesaid, in the county aforesaid, feloniously and violently did steal take and carry away, against the peace and dignity of the State."

On December 9,. 1878, the prisoner appeared to the indictment and moved to quash the same, which motion the court overruled. On March 18, 1879, the prisoner pleaded not guilty to the indictment, and on the same day came the jury, and the issue being tried, the jury rendered the following verdict: "We, the jury, find the prisoner Harrison Jackson guilty, and ascertain and fix the term of his confinement in the penitentiary of this State at ten years." The prisoner moved for a new trial without stating any grounds. The motion was overruled; and on March 24, 1879, the court entered judgment on the verdict and sentenced the prisoner to imprisonment in the penitentiary of the State for ten years the term ascertained by the jury.

During the trial the prisoner saved one bill of exceptions as follows: "Be it remembered that upon the trial of this cause the State introduced one William J. Fling as a witness and proved by said witness, that prisoner took from his (witness's) person $2.00 in silver, viz: three fifty-cent pieces, and two twenty-five cent pieces. To which testimony the prisoner objected, which objection the court overruled and permitted said evidence to go to the jury. To which ruling of the court the prisoner excepted," &c. Thereupon the said prisoner asked the court for a reasonable time to apply for a writ of error, and the court postponed the execution of its sentence for thirty days.

To the judgment the prisoner obtained a writ of error.

The judgment of the court was rendered more than six years ago, and the writ of error was granted on April 5, 1879, twelve days after the judgment was rendered, and the case was submitted during the past term. The reason of the long delay, it is said, was the fact, that the prisoner had escaped jail and for years was at large but, before his case was

submitted here for decision, had been re-takeu and placed in jail.

The prisoner assigns but three errors. The first is that the indictment should have been quashed. The only objection urged to the indictment is, that it does not properly describe the coin taken from Fling, the only description being "silver coin of the value of two dollars." It is insisted by the counsel for prisoner, that this is insufficient in robbery as well as in larceny. If we admit that the rule as to describing the property taken is the same in both cases, what would be the result? In Kansas it is held that an information for larceny charging the defendant with stealing "National Bank currency and United States Treasury notes of the amount and value of $164.00" was sufficient to support a judgment against the defendant. (*State* v. *Henry*, 24 Kan. 457.) In Massachusetts it has been uniformly held, that a general description of the money taken is sufficient. (*Commonwealth* v. *Sawtell*, 12 Cush. 142; *Commonwealth* v. *Duffy*, *Id;* *Commonwealth* v. *O'Connell*, 12 Allen 451; *Commonwealth* v. *Hassey*, 11 Mass. 432; *Commonwealth* v. *Green*, 122 Mass. 333; *Commonwealth* v. *Butts*, 124 Mass. 449.)

But it is needless to further discuss the question as it is at rest in this State. After a review of the authorities this Court held in *State* v. *Hurst*, 11 W.Va. 54, in which the Court approved the decision in *Commonwealth* v. *Sawtell*, 11 Cush. 142, that "divers United States Treasury notes and National bank notes and fractional currency notes amounting in the whole to $158.00 and of the value of $158.00, is a sufficient description of the property without specifying the number of the notes."

In *Moody & Roons* v. *The State*, 1 W. Va. 337, the second count in the indictment, which was for robbery, described the property taken as follows: "Thirty United States notes for the payment of divers sums of money amounting in the whole to the sum of $260.00 of the value of $260.00." The count was held good.

In the case of *The State* v. *Burk*, 73 N. C. 83, the description of the property is not given in the report, but the court said: "Unlike larceny the gist of the offence in robbery is not in the taking but in the force or terror used; and the rule

is different in the two offences both as to the value of the article taken and as to what constitutes a sufficient taking. * * In robbery the kind and value of the property is not material, because force or fear is the main element of the offence. Thus where a man was knocked down, and his pockets rifled, but the robber found nothing except a slip of paper containing a memorandum, an indictment for robbery of the paper was held to be maintainable. *Rex* v. *Bingsley*, 5 C. & P. 602."

As we have seen, that the description of the coin would have been sufficient in an indictment for larceny, it is not material to enquire whether a less complete description would answer in an indictment for robbery. We have no hesitation in saying, that, as it is a sufficient description in larceny, for stronger reasons it is good in an indictment for robbery. The indictment being good, of course there was no error in admitting the evidence of Fling as to the number and size of the silver coin taken.

The only other error assigned is, that reasonable time was not given to enable him to obtain a writ of error. This assignment of error is not insisted on in the argument. There is nothing in it, as he did not object at the time, that the thirty days given was unreasonable. It seems that it was ample, as the writ was granted before half the time had expired.

There is no error in the judgment of the circuit court, and it is therefore affirmed.

AFFIRMED.