THE STATE v. WISEBACK, *Appellant.*

Division Two, May 11, 1897.

1. **Criminal Practice:** IN JEOPARDY DEFINED. When the jury was charged with defendant's deliverance, that is, when they were impaneled and sworn, the indictment being sufficient and the court possessed of jurisdiction, then his jeopardy began.

2. ————: TWICE IN JEOPARDY. The Missouri Constitution declares: "Nor shall any person, after being once acquitted by a jury, be again, for the same offense, put in jeopardy of life or liberty." Defendant was charged with stealing a horse owned by John W. Hayes, who was absent at the trial, and was acquitted because the ownership of the horse was not shown. He was again indicted for stealing the same horse from some person to the grand jury unknown. He filed his plea in bar, but was forced to trial, convicted and sentenced to three years' imprisonment. It was admitted that Hayes was the owner of the horse. *Held,* that the jury should have been peremptorily instructed to find a verdict for defendant.

3. **Indictment:** KNOWN OWNERSHIP. If the grand jury knows to whom the stolen property belongs, but charges that it belongs to some unknown person, the defendant can not be properly convicted regardless of the fact whether he is guilty or not.

*Appeal from Shannon Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED.

*Withers & Dooley* for appellant.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

SHERWOOD, J.—The defendant appeals from a judgment on a verdict which found him guilty of grand larceny, in stealing a certain brown horse, for which felonious equine appropriation he was awarded three years in the penitentiary.

The following agreed statement of facts, so far as necessary to quote the same, is incorporated in the bill of exceptions:

"State of Missouri ⎫
          v.          ⎬
"John Wiseback.  ⎭

"For the purposes of this appeal the following are agreed to be the facts: that defendant stole the horse at the time and place charged in the indictment, from the possession of Jas. Swiney who had taken up same as a stray and did not know the owner; that an indictment, therefore, was presented by the Shannon county grand jury on the fifteenth day of September, 1896, charging the ownership of said horse to have been in one John W. Hayes; that a trial was had on said indictment on the ——— day of September, 1896, which resulted in an acquittal; that said acquittal was the result of the failure of the State to establish and prove the ownership of the horse as charged in the indictment; that prior to the trial thereof, John W. Hayes was subpoenaed as a witness by the State, but owing to sickness was not in attendance; that had said John Hayes been present and testified at the trial hereinbefore mentioned, the ownership of the stolen horse could have been established and proven to have been in him; that thereafter, to wit, on the ——— day of September, 1896, the grand jury of Shannon county presented a new indictment against defendant for stealing the same horse in which they alleged the ownership thereof to have been in some party to them unknown; that defendant, on the ——— day of September, 1896, filed his plea in bar pleading the former acquittal which said plea was by the court overruled; that to the action of the court in overruling his plea in bar, defendant then and there excepted and saved his exceptions; that defendant then entered a plea of not guilty, and was

placed upon trial; that said trial resulted in a conviction, and defendant was sentenced to the penitentiary for a term of three years, from which conviction and sentence defendant prosecutes this appeal.''

1.   The special plea in bar filed by defendant should not have been overruled.   He was entitled to a jury trial thereon, unless he waived it, and this he does not appear to have done.   *State v. Huffman*, 136 Mo. 58.   This matter is, however, discussed more fully hereafter.

2.   The bill of exceptions is made out after so poor a fashion, that though it appears in evidence that the State ''to sustain the issues upon its part produced evidence to the jury tending to prove defendant stole the horse at the time and place charged in the indictment,'' yet there is no statement as to what the evidence of defendant, if he introduced any, tended to prove.   But on reading instruction number 7, to wit: ''Although you may believe defendant stole the horse in question, if you also believe from the evidence that the same belonged at the time to one John W. Hayes, you should acquit him.''   We may *infer* from the giving of this instruction that there was evidence which authorized its being given.

Section 23 of our present bill of rights declares: *   *   *   .''Nor shall any person, after being once acquitted by a jury, be again, for the same offense, put in jeopardy of life or liberty.''   If we assume that the cause was properly tried to the jury, both as to the plea in bar as well as to that of not guilty, as to which see 1 Bishop's New Crim. Proc., secs. 749, 751, 752, 812, 815, 816, then as it appears from the agreed statement of facts that there was ample evidence on which to find that defendant was acquitted of the very offense for which he was again indicted, tried and convicted, and no evidence is shown to the contrary, the jury

should have been peremptorily instructed to find a verdict for defendant. *State v. Spear*, 6 Mo. 644; *State v. Baker*, 19 Mo. 683; *State v. Cowan*, 29 Mo. 330.

When the jury was charged with the deliverance of the defendant, that is, when they were impaneled and sworn, the indictment being sufficient and the court possessed of jurisdiction, then his jeopardy began. Cooley, Const. Lim. [6 Ed.] 399, and cases cited.

And the *status* of the case was not unfavorably altered for defendant by reason of the fact that the second indictment charged that the owner of the horse was to the grand jurors unknown, nor because Hayes, the owner of the horse, was unavoidably absent from the first trial.

3. Finally, if it be true, as appears to be true, that the grand jury knew to whom the horse belonged, then defendant was improperly convicted under *that* indictment, regardless of the fact whether he was guilty or not. *State v. Stowe*, 132 Mo. 199.

Judgment reversed and defendant discharged. All concur.