## THE STATE v. MANNING, Appellant.

### Division Two, May 13, 1902.

1. **Jeopardy:** MEANING. The term jeopardy signifies the danger of conviction and punishment which a defendant in a criminal prosecution incurs when a valid indictment has been found and a petit jury has been impaneled and sworn to try the case and a true verdict render, in a court having jurisdiction to cause the indictment to be found and to hear and try the case. Where one has previously been properly indicted for the same offense, in a court of competent jurisdiction, and a jury has been sworn and charged with his deliverance, and that jury has been discharged, he has been in jeopardy.

2. ————: INDICTMENT: USE OF PROSECUTOR'S NAME IN PLACE OF DEFENDANT'S. An indictment for felonious assault against Joseph Manning, which charges that "the said William L. Jones with a certain deadly weapon.....did beat, assault and wound the said William L. Jones in and upon the head," does not charge Joseph Manning with the felony, and is bad. And hence, the putting of Joseph Manning on trial under such indictment, the swearing of the jury, and his discharge, is no bar to a conviction of Joseph Manning of an assault upon William L. James, under a properly drawn indictment.

3. ————: ————: ————: PRACTICE: INSTRUCTION: DEMURRER. In such case the court should plainly instruct the jury, as a matter of law, if there has been no demurrer to the special plea, that the plea of former jeopardy is no defense to the charge, but the better practice would be a demurrer by the State to the special plea.

4. ————: PLEAS IN BAR AND TO MERITS: ONE JURY. The plea of not guilty to a felony charge and the special plea of former jeopardy, may be tried by the same jury.

Appeal from Jackson Criminal Court.—*Hon. Jno. W. Wofford,* Judge.

AFFIRMED.

*W. F. Riggs* for appellant.

The only error in indictment No. 2123 is what is known as a clerical error, and is cured by statute. State v. Craighead, 32 Mo. 561; Comm. v. Hunt, 21 Mass. 252; State v. McCuniff, 70 Iowa 217; Harn v. State, 39 Md. 552; Comm. v. Randall, 70 Mass. 36. An erroneous allegation as to the name of the man killed in indictment for manslaughter is cured by statute. State v. Windal, 95 Iowa 470. When defendant was arraigned upon indictment No. 2123, both defendant and the court heard the indictment read, and the defendant then knew the nature of the charge against him, and knew the clerical mistake, and, knowing all this, pleaded not guilty, and the case was set for trial by jury. The jury was regularly impaneled and sworn to try the issue joined, and the State introduced evidence, and the defendant expressly abstained from in any manner attacking the indictment and abstained from in any manner pretending to be prejudiced by reason of the clerical error in indictment No. 2123, and because counsel for defendant interposed an objection to a question of the prosecutor, for the court to discharge the jury and have the defendant re-indicted, to say the least, savors of a refinement that is sporting with the sanity of the defendant, and nullifies all rules of law relating to jeopardy, and repeals the statutes expressly passed to cure such errors. This very question has been before the courts and decided. State v. Reed, 12 Md. 263; Comm. v. Hunt, 4 Pick. 252. Where the preceding averment shows the subsequent repugnant or variant allegation, then the repugnant allegation may be rejected as surplusage. State v. Flint, 62 Mo. 392; State v. Meyers, 99 Mo. 107; State v. Gibson, 111 Mo. 92. If a party be acquitted on the ground of an immaterial variance, he can not be again prosecuted for the same offense. People v. Hughes, 41 Cal. 234. That jeopardy did attach. Lee v. State, 26 Ark. 260; 55 Ga. 625; 39 Miss. 613. However voidable the indictment may be, if it be not void, the court can not discharge the jury and deprive the defendant of the right to

plead former jeopardy. Kohlheimer v. State, 39 Miss. 557; People v. Arnett, 129 Cal. 306.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1) An examination of the first indictment as set out in defendant's plea in bar is shown upon its face to be defective in that it charges the person assaulted with using the deadly weapon upon himself. This is a defect which, we assume, requires no citations or argument or authority to support, and the trial court acted properly in quashing it. (2) There is no question but what the prosecution should have demurred to the plea in bar and given the court an opportunity to pass upon the sufficiency of the plea as shown by its averments. This it could have done without evidence, as, on account of the defective indictment, the plea would necessarily be insufficient. It will be observed that the defendant, at the time of interposing his plea in bar, also entered a plea of not guilty. The rule is that without leave of court a plea of not guilty can not be withdrawn in order to let in a plea in abatement, for on principle a plea of not guilty admits all that a plea in abatement contests, and after a plea of not guilty, a plea in abatement is too late. Wharton's Criminal Pleading and Practice, 426. Our contention is that by its having been submitted, as it was, in connection with the main issue, and the court instructing the jury upon the main issue and refusing all instructions with reference to the plea in bar, the defendant was not prejudiced because of the insufficiency of the plea. A judgment arrested on a defective indictment is not a bar to a subsequent trial upon a good indictment for the same offense. Wharton's Criminal Pleading and Practice, secs. 435, 507. (3) The plea in bar, as heretofore stated, showing that the previous indictment was defective, all evi-

dence in support of such plea was properly taken away from the jury by the court's refusal to instruct in reference to it.

GANTT, J.—At the January term, 1901, of the criminal court of Jackson county, the grand jury returned the following indictment:

"The grand jurors for the State of Missouri, in and for the body of the county of Jackson, upon their oath present that Joseph Manning, whose Christian name in full is unknown to these jurors, late of the county aforesaid, on the 15th day of September, 1900, at the county of Jackson, State of Missouri, in and upon one William L. James, feloniously, willfully, on purpose and of his malice aforethought, did make an assault; and the said Joseph Manning, with a certain deadly weapon, to-wit, a billiard ball likely to produce death or great bodily harm, then and there feloniously, willfully, on purpose and of his malice aforethought, did assault, beat, bruise, hit, strike and wound the said William L. James, then and there giving to the said William L. James, in and upon the head, eye and the body of him, the said William L. James, with the deadly weapon, to-wit, the billiard ball aforesaid, one wound, with the felonious intent then and there him, the said William L. James, feloniously, willfully, on purpose and of his malice aforethought to kill and murder; against the peace and dignity of the State."

To this indictment upon his arraignment defendant pleaded not guilty and filed the following special plea in bar:

"State of Missouri, county of Jackson, ss.

"In the Criminal Court of Jackson county, Missouri, at Kansas City, January term, A. D. 1901.

"State of Missouri,

vs.

Joe Manning.

Indictment No. 2220.    Felony.

"And the said Joe Manning, in his own proper person, comes into court here, and having heard the said indictment,

No. 2220, read, says, that no further proceedings in the premises ought to be had or taken against him on the said indictment, and the State of Missouri ought not further to prosecute the said indictment No. 2220 against him, because he says, that heretofore, to-wit, in the criminal court of Jackson county, Missouri, at Kansas City, Missouri, September term, A. D., 1900, the grand jurors of the State of Missouri in and for the body of the county of Jackson presented an indictment in the said court against him the said Joe Manning, which indictment was and is in the words and figures following, to-wit:

" 'State of Missouri, county of Jackson, ss.

" 'In the Criminal Court of Jackson county, Missouri, at Kansas City, Missouri, September term, A. D. 1900.

" 'The grand jurors for the State of Missouri, in and for the body of the county of Jackson, upon their oath present that Joe Manning, whose Christian name in full is unknown to these jurors, late of the county aforesaid, on the 15th day of September, 1900, at the county of Jackson, State of Missouri, in and upon one William L. Jones, feloniously, willfully, on purpose and of his malice aforethought, did make an assault; and the said William L. Jones with a certain deadly weapon, to-wit, a pool ball, the same being an instrument likely to produce death or great bodily harm, then and there feloniously, willfully, on purpose and of his malice aforethought, did assault, beat and wound the said William L. Jones, in and upon the head and eye of him, the said William L. Jones, then and there giving the said William L. Jones, with the deadly weapon, to-wit, the pool ball aforesaid, one wound with the felonious intent then and there him, the said William L. Jones, feloniously, willfully, on purpose and of his malice aforethought to kill and murder, against the peace and dignity of the State.'

"Which indictment is indorsed on the reverse side thereof as follows, to-wit:

" 'No. 2123.

" 'INDICTMENT.

" 'State of Missouri against Joe Manning.

" 'Charged with assault with intent to kill.

" 'Filed — day of —— of 1900, W. A. McClanahan, dep. clerk.

" 'A true bill, B. F. Jones, foreman.

" 'Witnesses, W. L. Jones, Frank Brown, Dr. Manahan, J. C. Hayden.'

"That afterwards, he, the said Joe Manning, on the — day of ——, 1900, in the criminal court of Jackson County, Missouri, at Kansas City, Missouri, was duly arraigned in open court and after hearing the said indictment 2123 read, pleaded thereto not guilty, and the said issue so joined on said indictment, was by the court set for trial on the eighth day of January, A. D. 1901. That upon the eighth day of January, 1901, in the said criminal court at Kansas City, Missouri, came the prosecuting attorney of said county, also came the defendant Joe Manning in said indictment No. 2123, and parties announce ready for trial, and to try the issue came a jury of good and lawful men of the body of the county of Jackson, who were then and there duly impaneled and sworn to well and truly try the issue joined on said indictment, No. 2123, and a true verdict render according to the law and the evidence. And the State of Missouri, to maintain and prove the said issue on its part, opened the case, read the indictment to the jury, called five witnesses who were duly sworn as witnesses on the part of the State, and called to the witness chair one Frank Brown, a witness who was duly sworn as a witness in the case on the part of

the State, and who being interrogated by the prosecuting attorney testified on the trial of said case; and upon objection by counsel for defendant the court entered the following judgment in the case as appears of record therein, to-wit: 'It is therefore considered and adjudged by the court that the defendant be discharged hereof and go hence without day.'

"And the said jury without the consent of the defendant were then and there discharged and separated, without having rendered any verdict and the said jury without disagreeing or being found wanting with respect to their duty to be performed, or failure in any manner on their part, and without special cause, but solely by mere irregularity and without the consent of the defendant, the jury separated. That the failure of said jury to render a verdict in the said cause arose solely from the reason that they were not permitted to render a verdict therein and were not allowed to pass upon the guilt or innocence of defendant to the charge contained in said indictment.

"And the said Joe Manning avers that the Joe Manning who was the defendant in the indictment recited in this plea, No. 2123, and the said Joe Manning defendant in indictment No. 2220 here, are one and the same person and not other and different persons; and the person William L. Jones, named in indictment No. 2123, and the William L. James named in indictment No. 2220 are one and the same person and not other and different persons; and that the assault mentioned and referred to in indictment No. 2123 and the assault mentioned and referred to in indictment No. 2220 are one and the same offense and transaction and not other and different offenses and transactions, and the same facts investigated by the grand jury who found indictment No. 2123 are the same facts investigated by the grand jury who found indictment No. 2220, and not other and different transactions and facts. All of which the said Joe Manning is ready and willing to verify.

"And the said Joe Manning says he has been once in

jeopardy and placed upon trial for the offense, alleged in indictment No. 2220, and for same identical offense mentioned in indictment No. 2220, and can not by the law of the land be again put in jeopardy and upon trial for the same alleged offense.

"Wherefore he prays judgment and that by the court here he may be dismissed and discharged from the present indictment.

"As to the felony of which he, the said Joe Manning stands here charged in indictment No. 2220, he says he is not guilty thereof.

"And of these the foregoing plea of jeopardy and of the plea of not guilty, he puts himself upon the country.

"Joe Manning.

"W. F. Riggs, Attorney for Defendant.

"State of Missouri, county of Jackson, ss.

"Joe Manning being duly sworn on his oath states that he has read the foregoing plea of former jeopardy and plea of not guilty by him subscribed and knows the contents thereof and that the facts stated therein are true according to his best knowledge and belief.

"Joe Manning.

"Subscribed and sworn to before me this twenty-fifth day of January, 1901.

"Chas. V. Renick, Clerk.<br>"By W. L. McClanahan, D. C."

A jury was duly impaneled and the defendant convicted and his punishment assessed at two years' imprisonment in the State penitentiary, and from the sentence pronounced on this verdict he appeals.

The evidence amply sustains the charge in the indictment. The prosecuting witness James was a lunch-tender and porter in the saloon at No. 402 Main street in Kansas

City. On September 15, 1900, the defendant went into this saloon and invited several others to drink with him. He then refused to pay for the drinks and was put out of the saloon by the proprietor. He threatened to return and get even with the prosecuting witness, calling him "a flunkey."

He did return and seizing a billiard ball, threw at the prosecuting witness who was waiting on another customer and struck him in the eye, and thereby destroyed its sight and rendered it necessary to have the ball entirely removed. There was no evidence tending to contradict the evidence of the State's witnesses.

The defendant relied entirely upon his plea of former acquittal.

On that issue he introduced the indictment No. 2123 set out in his special plea in bar and the record showing that upon his objection to evidence on that indictment before the jury sworn to try that charge, the court sustained the objection and discharged the jury.

He asked the court to instruct the jury as follows:

"If the jury find and believe from the evidence that a criminal prosecution was commenced against defendant, Joseph Manning, which prosecution resulted in the finding of indictment No. 2123 by the grand jury, and that the said Joseph Manning was arraigned in open court and pleaded not guilty to the charge contained in indictment No. 2123, and that a jury was duly impaneled and sworn to well and truly try the issue joined by said plea of not guilty, and that the prosecuting attorney opened the case to the jury and read the indictment No. 2123 to the jury, then you are instructed that Joseph Manning, the defendant, was placed in jeopardy on the charge contained in indictment No. 2123."

Which the court refused and defendant excepted.

Thereupon the court instructed the jury as follows:

"The court instructs the jury that the indictment offered in evidence, No. 2123, returned by the September grand jury,

of which Benjamin F. Jones was foreman, and the proceedings had thereon, constitute no defense to the indictment in this case, and the same will be disregarded by the jury."

The giving of this instruction and the refusal of defendant's said counter instruction presents the only question of importance on this appeal. Was the defendant in jeopardy? If he was, then his constitutional right has been infringed. If he was not, his appeal must be fruitless.

That no one shall be twice put in jeopardy for the same offense is a well-established principle of the civil law and is imbedded in the very elements of the common law and is incorporated in the Constitution of the United States and in the Constitution of Missouri. [Sec. 23, art. 2, Constitution of Missouri 1875; U. S. Constitution, article 5, amendments.]

The term "jeopardy" signifies the danger of conviction and punishment which the defendant in a criminal prosecution incurs when a valid indictment has been found and a petit jury has been impaneled and sworn to try the case and a true verdict render.

The indictment must be found and the proceedings had in a court having jurisdiction to hear and try the case.

The special plea in bar presented a case in which the defendant in this case had previously been indicted for the same offense in a court of competent jurisdiction, to-wit, the criminal court of Jackson county, Missouri; a jury had been sworn and charged with his deliverance; that jury had been discharged. So that the sufficiency of his plea is narrowed to the one inquiry, was the indictment on which he was on trial in that case (No. 2123) a valid indictment and such an one as would support a valid judgment? If it was, he is entitled to his discharge. If it was not, then it was no bar to the present prosecution.

Recurring now to the indictment No. 2123 set forth in full in the special plea in bar, it will be observed that in the charging part therein it is alleged that "the said William L.

Jones with a certain deadly weapon, to-wit, a pool ball, the same being an instrument likely to produce death or great bodily harm, then and there feloniously, willfully, on purpose and of his malice aforethought, did assault, beat and wound the said William L. Jones in and upon the eye of him the said William L. Jones, then and there giving the said William L. Jones with the deadly weapon, to-wit, the pool ball aforesaid, one wound, with the felonious intent then and there him the said William L. Jones feloniously, etc., to kill and murder."

Thus it will be seen that the defendant was not charged with the felonious assault upon said Jones, and upon that indictment no valid judgment could have been rendered against the defendant. This identical point was before this court in State v. Edwards, 70 Mo. 480, and it was there ruled that when in an indictment for murder the name of the person slain was substituted for that of the defendant, whereby the indictment was made to allege a mortal wounding of the deceased by himself, it was a fatal and incurable error, one that could not be ignored, or corrected. Counsel for defendant insists that this indictment No. 2123 was a good indictment and cites us to State v. Wall, 39 Mo. 532, but the opinion in that case merely holds that an indictment which describes the defendant in one place as J. W. Jones and in another as "the said John W. Jones," was good on demurrer. It does not touch the point under consideration in this case, which is that the only clause charging anyone with a felonious assault alleges it to have been done by the injured man upon himself. Strike out his name as suggested and no one is charged with an assault, certainly not the defendant.

State v. Meyers, 99 Mo. 107, merely decides that if after a portion of an indictment is stricken out as surplusage enough remains to make a valid charge, the surplusage will not render it bad, and to the same effect are the cases cited from other

jurisdictions. [Drake v. State, 145 Ind. 210; Wampler v. State, 28 Tex. App. 352, and other similar cases.]

In the former trial on the invalid indictment, the objection was made by defendant and sustained, and, hence, the case of United States v. Ball, 163 U. S. 662, has no application.

As to the proposition that the plea of not guilty and the special plea in bar could not be tried by the same jury, the authorities cited do not sustain defendant's contention. In State v. Huffman, 136 Mo. 58, it was only ruled that as there is no statute in this State, as in others, authorizing the trial of such special pleas under the plea of not guilty, they must be specially pleaded, but it was not held that the same jury could not pass upon both pleas. Both in that case' and the subsequent case of State v. Wiseback, 139 Mo. 214, the error which this court condemned was the failure of the court to permit the jury to pass upon the fact of the acquittal or conviction upon the same offense on a former trial—the question in that case being one of fact.

That case was followed in State v. Wiseback, 139 Mo. 214 loc. cit. 216, but in neither was it held that it was necessary to have two juries to determine the issues. On the contrary, in the Wiseback case, reference was made to 1 Bishop's New Criminal Procedure, sections 749, 751, 752, 812, 815 and 816. Mr. Bishop there states the correct practice to be to try each issue separately, and inclines to the view that the special plea should be tried first, but nowhere is it intimated that separate juries are required, nor is there any authority to be found for impaneling two juries to try one indictment under the laws of this State.

Now in this case the two issues were separately tried, but an inspection of the special plea will show that on its face it raised a question of law which could properly have been determined on a demurrer to the plea and no jury was necessary to try that issue, and so it was held in State v. Williams,

152 Mo. 115.   In that case as in this, the identity of the defendant and the offense both appeared on the face of the plea, and when this is so, it presents a question of law for the determination of the court.   Here the only question presented by the plea was the sufficiency of the previous indictment No. 2123, which was set out in full in the plea, and it was for the court and not the jury to declare the legal effect of the said prior indictment as it finally did in its instruction, in which it instructed the jury that it constituted no defense.

No possible injury resulted to defendant by the method pursued by the court, but in our opinion the better practice would have been a demurrer by the State to the special plea. [1 Bishop New Crim. Proc., sec. 816, subsections 4 and 5.]

The indictment No. 2123 was invalid on its face, and no judgment could have been rendered against defendant, and, hence, the plea in bar was lacking in this essential to a good plea of former jeopardy.

There was no error in the proceedings and the judgment is affirmed.   All concur.