STATE OF WEST VIRGINIA *v.* JAMES FULKS *and* HARRY FEURT

(No. 7772)

Submitted February 6, 1934. Decided March 27, 1934.

*Via, Hardwick & Quinlan,* for plaintiffs in error.
*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

MAXWELL, JUDGE:

Defendants were convicted at the February term, 1933, of the Common Pleas Court of Cabell County upon an indictment charging them with the robbery of one Arthur Sharp of "certain bank notes, the description and denomination thereof being unknown to said grand jurors, of the value of eight hundred dollars." Each was sentenced to ten years in the penitentiary. To the judgment of the circuit court of said county refusing a writ of error and supersedeas to the judg-

ment of the common pleas court, this writ of error is prosecuted.

The principal defense of each defendant in the trial court was an alibi.

The state showed by its witnesses that on the afternoon of July 15, 1932, at about three o'clock two men walked into Sharp's place of business, which is a general mercantile establishment on Third Avenue in the City of Huntington near Twentieth Street, and, after pretending to make a small purchase, one of them covered him with a revolver or pistol, took from the register the cash amounting to about $25.00 in currency, and commanded him to open the safe at the back end of the store, which he did, delivering to the robber $562.50 in currency and silver therefrom. Sharp and his sister, Ona Schroath, and a customer who entered the store while the robbery was being staged, were witnesses to the crime.

Sharp identified both of the defendants, and Arthur Franklin, the customer in the store, identified Fulks. Ona Schroath identified both of the defendants at the trial, and it is upon her identification that some of the questions of error are based. The defense of alibi and the alleged improbability and incredibility of the state's evidence were jury matters: The evidence of the state being sufficient, if believed by the jury, to identify the defendants as the guilty parties, the verdict cannot be disturbed on the basis of insufficiency of evidence.

The first assignment of error is that the indictment should have been quashed or the demurrer thereto sustained on the ground that the property taken is not sufficiently described. On this score, great reliance is placed on the case of *State* v. *Robison,* 109 W. Va. 561, 155 S. E. 649. In that case, it was held that a description in an indictment for larceny of "thirty-five hundred dollars ($3,500.00), the property of G. A. Bowyer", was not sufficient. The indictment stated no value, nor was there an allegation that a better description of the property stolen was to the grand jury unknown. It is a general rule that, from the necessity of the case, particularity of description may be excused by the averment that an accurate description is not known to the grand jury. *Commonwealth* v. *Sawtelle,* (Mass.) 11 Cush. 142; *Commonwealth* v.

*Grimes,* (Mass.) 10 Gray 470. It has been held that if at the trial disclosure is made that the grand jury in fact knew a better description, the case fails for want of proof to sustain the averment. *Winter* v. *State,* 90 Ala. 637, 8 So. 556; *State* v. *Wiseback,* 139 Mo. 214, 40 S. W. 946.

The case of *State* v. *Hurst,* 11 W. Va. 54, is also relied on by the defendants. That was a prosecution for obtaining money under false pretenses. The opinion is authority for the proposition that in such a case there is required the same particularity of description of the property as in larceny, but that holding is not authority in a robbery prosecution. Differentiation will be noted in this opinion.

The case of *State* v. *Jackson,* 26 W. Va. 250, is also cited on brief. That was a robbery case, wherein the court held sufficient a description of the property taken as "silver coin of the value of $2.00". The discussion in the opinion is a broad indication of the fact that, inasmuch as the gist of the offense in robbery is the forceful taking and since the amount and value of the thing taken has no relation to the offense, a less accurate description is required than in larceny.

Defendants contend that the allegation showing a better description of the money taken to be unknown to the grand jurors, is proved to be false by the fact that Arthur Sharp testified at the trial and gave a detailed description of the money, and that this same witness appears to have been before the grand jury, where he presumably also could have given equally definite information, in which case, of course, that description would have been known to the grand jury. It does not follow, however, that because the grand jury might have gotten specific description of the money, such description was actually obtained by the grand jury. Merely proving at the trial that exact description of the money might have been procured is not sufficient to overthrow the allegation that such description was unknown to the grand jury. *Commonwealth* v. *Stoddard,* (Mass.) 9 Allen 280; *Commonwealth* v. *Sherman,* (Mass.) 13 Allen 248. While it has been held that there must be an acquittal if the proof at the trial shows that, by reasonable diligence, the grand jury might have informed itself as to the matter alleged to be unknown, we believe the better rule is that the actual knowledge of the grand jury must appear.

See the discussion of the two doctrines in *Commonwealth* v. *Sherman*, (Mass.) 13 Allen 248.

We therefore hold that the charge in the indictment that the defendants robbed Sharp of "certain bank notes, the description and denomination thereof being unknown to said grand jurors, of the value of eight hundred dollars," is sufficient, and is unimpaired by the evidence.

Next, it is strongly urged that the allegation of the theft of bank notes is not borne out in the proof; that there is material and prejudicial variance between the allegation and the proof. The proof shows that there was $25.00 taken from the cash register and five hundred odd dollars taken from the safe, in silver coin and currency.

In larceny, the gravamen of the offense is the taking of a thing of value without the consent of the owner and with the intent on the part of the taker to convert it to his use. The character and value of the thing taken is of prime importance, for, by such means, the identification of the article is made certain and the grade of the offense established. In this jurisdiction, the offense is a misdemeanor if the value of the property stolen is less than twenty dollars, a felony if twenty or more. Larceny is an offense against property.

In robbery, the situation is different. It is an offense against the person. It is the felonious and forcible taking from the person of another, of goods or money of any value, by violence or by putting him in fear. The gravamen is the attack or assault upon the person—the force employed and terror caused. *State* v. *McAllister*, 65 W. Va. 97, 63 S. E. 758. Under our statute, if the robber be armed with a deadly weapon, the minimum term of imprisonment is ten years. There being no maximum prescribed, the trial court may impose such term above ten years as in his judgment is commensurate with the seriousness of the offense committed. This is illustrative of the seriousness of the offense, but, withal, the value of the property taken from the person of the victim is not material. It makes no difference whether it be a dime or a hundred dollars. With this background, therefore, it is obvious that the necessity for precision in description of the property taken in robbery does not obtain as in larceny. We

are therefore of opinion that we should not adhere with strictness to the old rule which requires nicety of precision in respect of *probata* and *allegata* of the thing taken in robbery. The essential requirements of the law are fulfilled and the accused is in nowise prejudiced where the proof establishes the taking of a thing of value, reasonably and in common acceptation, within the meaning of the description employed in the indictment.

The allegation is that the defendants took bank notes. The proof is that they took currency and coin. All are money. All import value. There is no *actual* variance, because currency may be bank notes. The fact that there is possibility of variance, in that the currency taken may not have included bank notes, we think is not serious. The defendants by force took money—a thing of value, whether bank notes or some other variety. Their guilt as robbers not depending on the amount of the property taken, they are not prejudiced because there is possibility of technical variance between *allegata* and *probata*. Some of the cases dealing with robbery are very strict on these matters. Typical: *McCaskey* v. *State,* (Tex.) 174 S. W. 338; *Spanish* v. *State,* (Fla.) 65 So. 457; *Commonwealth* v. *Cahill,* 94 Mass. 540; *Early* v. *State,* (Tex.) 118 S. W. 1036. But a more liberal view is countenanced. ''Upon trial for robbery, proof that the defendant assaulted the person named in the indictment, and took from his person by force a thing of value belonging to him, is sufficient for conviction without proof that anything specifically described in the indictment was taken, since such specific description need not have been inserted in the indictment.'' *Burke* v. *People,* (Ill.) 35 N. E. 376. ''It is not essential for the indictment or information to contain an accurate or definite description of the property taken. An indictment sufficiently describes the property taken, if it enables the jury to identify the chattels stolen with those referred to in the indictment, and shows the court that the articles are the subject of robbery. * * * Where the property taken is money, it is ordinarily sufficient to give a general description thereof by amount. In stating this rule, some courts have qualified it by holding or stating that it must be further alleged that a more particular description is unknown, or that wherever possible it is better

practice to include a more definite description. * * * It has been held unnecessary to allege the kind, denominations, or number of pieces, taken, although there is authority to the contrary.'' 54 Corpus Juris, p. 1036.

Under this more liberal view we think that there was no prejudice to the defendants on the basis of variance between allegation and proof.

The next point of error that is stressed is that when Ona Schroath was on the witness stand she was asked by the prosecuting attorney if she saw the defendants ''any place in the court room now.'' Her answer was ''No, sir, I do not see them right now.'' Later in his examination, the prosecuting attorney demanded that the two defendants rise. To this defense counsel objected, and the objection was overruled. After the defendants had risen, the witness identified them, stating that on the occasion of her saying that she could not see them in the court room, ''I looked clear back. I wasn't looking here at all.'' Counsel for the defense moved to strike out this part of the examination, because, when the witness was asked to look over the court room and point out the defendants, she failed to do so. A colloquy then took place between the prosecuting attorney, the witness, counsel for the defense and the court: ''Q. (by the prosecuting attorney) Did you see those two men when I asked you that? A. Did I see them in here? Q. The two men that stood up, when I asked you that question before. A. No, sir, I didn't. Mr. Via: We object to his cross-examination of his witness. The Court: I saw where she was looking. Mr. Via: We ask that that remark of the court be stricken out and admonish the jury not to consider that remark of the court. Overruled; Exception.''

It is urged that under the circumstances, it was error (1) for the court to compel the defendants to rise in their places in the court room for the purpose of identification, and (2) for the court to state he had observed the direction in which the witness was looking and thus to indicate that the witness was stating correctly when she said that she was not looking in the direction of defendants when she failed in the first place to identify them. We do not believe that these objections are well grounded. Submitting to physical inspection for the purposes of identification, is not self-incriminating testimony

within the rule. *State* v. *Reasby*, 100 Iowa 231, 69 N. W. 451; *People* v. *Gardner*, 144 N. Y. 119, 38 N. E. 1003; 4 Wigmore on Ev., (2d Ed.), sec. 2265.

The judge's remark that he had observed the direction in which the witness was looking when she failed to identify the defendants cannot, we think, be branded as prejudicial to the defendants. Surely a trial judge, closely observing all which takes place immediately before him, does not commit error when he states a fact thus observed. His function must not be reduced to that of a mere umpire, but there must be recognized in him power and discretion commensurate with the underlying purposes of his office.

We affirm the judgments of both the circuit and common pleas courts.

*Affirmed.*