STATE OF WEST VIRGINIA *v.* ROY ALVIS *and* PHIL ALVIS

(No. 8049)

Submitted May 7, 1935. Decided May 28, 1935.

*Thos. P. Ryan* and *Wm. S. Ryan,* for plaintiffs in error.
*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

Defendants were jointly convicted of armed robbery and sentenced in the circuit court, and then were granted a writ of error here.

The evidence herein is highly contradictory, though that of the State is ample to sustain the verdict. Some of the members of this Court feel now that had they been on the jury they would have been averse to conviction. We all concede, however, the general right of the jury to pass upon such evidential conflicts.

The indictment charges a felonious assault, a putting in bodily fear, and a felonious taking of "one rifle, one watch

and a flashlight.'' The indictment does not allege that the intimidation was felonious, and does not state the value of the articles taken. Counsel for defendants contend that these omissions are fatal. Robbery at common law ''is the felonious taking from the person of another of goods or money to any value by violence or putting in fear.'' *State* v. *McCoy,* 63 W. Va. 69, 70, 59 S. E. 758. Accord: *State* v. *McAllister,* 65 W. Va. 97, 63 S. E. 758, 131 Am. St. Rep. 955. *Franklin* v. *Brown,* 73 W. Va. 727, 728, 81 S. E. 405, L. R. A. 1915 C, 557. It will be noted that the manner of the taking is alternative; it may be either through violence or through fear. Code 1931, 61-2-12, states several alternative ways of committing robbery, including ''violence to the person,'' without mentioning intimidation. Wharton's Twelfth Edition of his Criminal Law (1932), sec. 1087, says: ''While there must be a felonious taking of property from the person of another, either by actual or by constructive force * * * yet if force be used, fear is not an essential ingredient. * * * To knock another down and take from him his property while he is unconscious, is robbery.'' This conception of the law is general. See 23 R. C. L., subject Robbery, sec. 12; 54 C. J., *idem,* sec. 24. This last authority, sec. 105, also says: ''It is not necessary to allege both force and intimidation, an allegation of either being sufficient. But if both force and intimidation are alleged, this does not render the indictment * * * bad.'' Consequently, the allegation of the indictment herein relating to intimidation may be disregarded as surplusage. Wharton, *supra,* section 1094, says: ''As force or fear is the main ingredient of the offense, the indictment need not specify value.'' Accord: *State* v. *Fulks,* 114 W. Va. 785, 173 S. E. 888, 889-890; 54 C. J., *supra,* sec. 93; 23 R. C. L., *supra,* sec. 19. We know as men that some value attaches to a rifle, watch and flashlight. The amount of that value is not material. *State* v. *Fulks, supra;* 23 R. C. L., *supra,* sec. 3. The indictment is therefore sufficient.

Counsel for defendants complain that a witness for the State was permitted to testify in rebuttal of a conversation with one of the defendants sometime before the trial, which, counsel state, was ''concerning a wholly different criminal

case." The statement is doubtless accurate, but there is naught in the record showing *such another case*. The court instructed the jury that the testimony was admitted "for the sole and only purpose of going to his (defendant's) credibility." As thus limited, we see no infraction of the ordinary rules of practice. *State* v. *Price,* 92 W. Va. 542, 115 S. E. 393.

Counsel also complain of instructions of the State given and instructions of the defendants refused. The objections to instructions given, where not general, are answered in the foregoing pronouncements of the law of this case. The learned trial court said that all of the instructions refused "were either improper or else fully covered by other instructions given for them (defendants). It is not necessary to give instructions covering the subject matter of others already given. *State* v. *Cottrill,* 52 W. Va. 363." We concur in the statement and the rulings of the trial court.

The judgment is therefore affirmed.

*Affirmed.*