Albert YOUNG, Appellant,

v.

Otto C. BOLES, Warden of the West Virginia State Penitentiary, Appellee.

No. 9472.

United States Court of Appeals Fourth Circuit.

Argued Jan. 6, 1965.

Decided March 5, 1965.

Arthur M. Recht, Wheeling, W. Va. (Court-assigned counsel), for appellant.

George H. Mitchell, Asst. Atty. Gen. of W. Va. (C. Donald Robertson, Atty. Gen., of W. Va., on brief), for appellee.

Before SOBELOFF, BRYAN and BELL, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge.

Relief from life imprisonment imposed by a State court in West Virginia was asked of the Federal district court by Albert Young in an application for habeas corpus. The sentence was passed, and was statutorily permissible, upon a conviction of armed robbery. The point of the petition is, in effect, that the indictment and the evidence charged and established no more than the offense of unarmed robbery with the statutory maximum punishment of 18 years and, therefore, the judgment for incarceration beyond that period is a deprivation of his liberty without due process of law. In dismissing the petition, the District Judge found no abridgment of Constitutional rights because, he concluded, the indictment embraced and the proof sustained all of the elements of armed robbery as specified by the West Virginia statute. We affirm.

The statute, Code 61–2–12 (Michie Sec. 5927) reads:

"* * * If any person commit, or attempt to commit, robbery by partial strangulation or suffocation, or by striking or beating, or by other violence to the person, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than ten years. If any person commit, or attempt to commit, a robbery in any other mode or by any other means, * * * he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than five nor more than eighteen years."

The robbery denounced in the statute is the common law crime, accepted in West Virginia as a felonious taking of money or goods of value from the person of another or in his presence, against his will, by force or putting in fear. The statute only prescribes the penalty; it does not delineate the offense. State v. Young, 134 W.Va. 771, 61 S.E.2d 734, 739 (1950).

The indictment charges that the petitioner here:

"* * * in and upon one Billy R. Russell, unlawfully and feloniously did make and assault, and him, the said Billy R. Russell unlawfully and feloniously did strike and beat and do violence to his person, and him, the said Billy R. Russell, in bodily fear feloniously did put, and $484.19 in lawful United States currency of the value of $484.19 of the money, goods and chattels of the said Billy R. Russell, and lawfully in his control and custody, from the person and against the will of the said Billy R. Russell, then and there, to wit: on the day and year aforesaid, in the County aforesaid, unlawfully, feloniously and violently did steal, take and carry away, against the peace and dignity of the State."

The allegations of striking, beating and doing violence are the premises bringing the robbery within the first sentence of the statute, which imposes a punishment by confinement in the peni-

tentiary for at least 10 years and thus allows imprisonment for life. As the State courts in this and prior cases have held, we too think the indictment makes out a case of armed robbery; it sufficiently apprises the accused of this charge.* State ex rel. Vascovich v. Skeen, 138 W.Va. 417, 76 S.E.2d 283, 285 (1953), cert. denied, 346 U.S. 916, 74 S.Ct. 277, 98 L.Ed. 411; State v. Alvis, 116 W.Va. 326, 180 S.E. 257 (1935).

As petitioner Young urges that his proven acts do not come within the statutory elements of armed robbery as they are embodied in the indictment, we turn to what he did. Russell was the manager of the Beneficial Finance Company in Charleston, West Virginia. On the morning of November 28, 1961, he was in the company office with the cashier and the assistant manager. Shortly before noon petitioner Young entered the office, drew a pistol and by its presentation and his words threatened to kill them unless they turned over to him the moneys of the company in their care. In his left hand he held what he stated was a bomb. After obtaining several hundred dollars in this way, he forced the three employees into the washroom, warning them he would soon explode the bomb. In their sight he lit the fuse of the bomb and told them to close their ears and remain in the room for 10 or 15 minutes. When they came out of the washroom, Young had fled but the bomb was lying in the office near the entrance. The cashier testified that in the course of the hold-up, Young had pressed the revolver against Russell's stomach.

The State trial court and the State Circuit Court, on appeal, found that these events established one or both of two of the statutory means of armed robbery which are included in the indictment, that is the "striking" of and "other violence" upon Russell. The Circuit Court rested decision on Young's pushing the gun against Russell, apparently as constituting a "striking" or "other violence". Upon this record the Supreme Court of Appeals of West Virginia refused review of the rulings of the Courts below.

■■■ The Federal question in this case, in regard to the evidence, is not its sufficiency to convict of armed robbery; the Constitutional question is whether "this conviction rests upon any evidence at all". That is the sole inquiry when, as here, the claim of denial of due process relates to the competency of the proof. Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960) and Garner v. State of Louisiana, 368 U.S. 157, 163, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961). This is the definitive implication, if not the actual determination, of these decisions, Edmondson v. Warden, Md. Penitentiary, 335 F.2d 608, 609 (4 Cir. 1964); Grundler v. State of North Carolina, 283 F.2d 798, 801 (4 Cir. 1960). Other Circuits agree. United States ex rel. DeMoss v. Commonwealth of Pennsylvania, 316 F.2d 841, 842 (3 Cir. 1963), cert. denied DeMoss v. Rundle, 375 U.S. 859, 84 S.Ct. 123, 11 L.Ed.2d 85; Morris v. Mayo, 277 F.2d 103, 104 (5 Cir. 1960). At all events, the probative strength of the evidence has never been permitted to be an issue in habeas corpus. Meyers v. Welch, 179 F.2d 707, 709 (4 Cir. 1950). Instantly, we find the proof far from pretensive or otherwise so hollow as to establish only a spectre of crime and to render the conviction a Constitutional nullity.

■■■ We dismiss as meritless the other grounds of the petition. The error assignments contained in the amended petition for habeas corpus filed in this court, relating to an unlawful search and seizure as well as to the claim of cruel and unusual punishment, are not now considered because neither of these contentions was brought to the attention

---

* Why the indictment did not include the statutory elements of "the threat of presenting of firearms, or other deadly weapon or instrumentality" is inexplicable. Nor does any reason appear for the failure of the prosecution to adopt in full the form of robbery indictment suggested by West Virginia Code 62-9-6 (Michie Sec. 6268).

of the District Judge. Our affirmance of the judgment on review will be without prejudice to the renewal of these assertions before the District Court.

Affirmed.