**Edward BARHAM, Jr., Petitioner,**

v.

**James D. COX, Superintendent of Virginia State Penitentiary, Respondent.**

**Misc. No. 3–70–N.**

United States District Court,
E. D. Virginia,
Norfolk Division.
March 24, 1970.

Edward Barham, Jr., pro se.

W. Luke Witt, Asst. Atty. Gen. of Va., Richmond, Va., for respondent.

## OPINION AND ORDER

KELLAM, District Judge.

On December 13, 1967, petitioner was sentenced in the Circuit Court of Southampton County, Virginia, to (1) life imprisonment for rape, and (2) fifty years imprisonment for breaking and entering in the nighttime. He was tried by the Court without a jury. He alleges (1) ineffective assistance of counsel, (2) inadequate identification of the defendant, and (3) failure of the defendant's attorney to process defendant's request for appeal. Petitioner has exhausted his State Court remedies. The transcript of the State Court habeas corpus hearing held by the Circuit Court of Southampton County has been furnished.

■ Petitioner's assertion that he was denied effective representation because he had inadequate contact with his counsel is totally without foundation. The petitioner's testimony in the State habeas hearing refutes his allegation:

Q While you were having these interviews, do you recall what you talked to your attorney about?

A I told him everything that happened, everything I knowed.

Q You told him everything you knew about the case?

A Yes, sir.

Q Was there anything that you did know that you didn't have a chance to tell him?

A No, sir.

Q You had an opportunity to give him every bit of information you knew about your case?

A Yes, sir.

Q And you had an opportunity to tell him everything that could possibly help in your defense?

A Yes, sir.

Q There wasn't anything left out at all, was there?

A No, sir.

Petitioner claims he told his attorney there were five witnesses who could aid in his defense, and that only three were subpoenaed. However, he said he did not know what the remaining two witnesses would have testified to and he did not know if they would have aided his defense. His attorney said this testimony would have been cumulative and would have added nothing. If counsel made a mistake, it was clearly a mistake in judgment or in trial tactics and such mistakes do not deprive an accused of his constitutional rights. Tompa v. Commonwealth of Virginia, 331 F.2d 552 (4th Cir. 1964). An attorney's decisions concerning cross-examination and objections to admission of evidence are subject to the same test.

For one's counsel to be so ineffective as to warrant relief in habeas corpus the representation must be a "sham" absolutely lacking in diligence and competence. Yates v. Peyton, 207 Va. 91, 147 S.E.2d 767; Russell v. Peyton, 207 Va. 469, 150 S.E.2d 530; Rivera v. United States, 318 F.2d 606 (9th Cir. 1963); Tompa v. Commonwealth of Virginia, supra.

Next, petitioner complains that the attorney made the determination to waive a jury trial. Before the trial began, petitioner advised the Court he wished to be tried by the Court without a jury. At no time did he tell his attorney that he wished a jury trial. He says he knew he could have a jury trial if he wished to:

Q During the whole seven months you never discussed with him whether you were going to have a jury trial until you got to court?

A He talked to me about it.

Q What was the conversation? Do you remember the words he used?

A Yes, sir.

Q What was said?

A I shouldn't take a jury trial, because a jury gave some boys in Petersburg 99 years, and they might give me the electric chair.

Q Did you tell him you wanted to be tried by a jury?

A No, sir.

Q You knew you could have a jury trial?

A Yes, sir.

Q You are saying now you were denied that right?

A I am just telling you what he told me.

Q Do you know whether you wanted to have a jury trial or not? I am asking you, Mr. Barham. You are the one who said you had been denied your rights. Did you want a jury trial?

A It didn't make no difference with me.

Q Why are you claiming you were denied one?

A I wasn't denied a jury trial. He told me not to have a jury. I went along with him, what he told me.

Q Did you want to have a jury trial?

A Yes, sir.

Q Why didn't you tell him you wanted to have one?

A I was going to let him do what was best for me.

Q You were willing to let him make the decision?

A Yes, sir.

Q Did you have a chance, or did you ever indicate to him that you wanted to have a jury trial?

A No, sir.

Q You never did?

A No, sir.

Q You weren't denied a jury trial, were you?

A No, sir.

The petitioner accepted the advice of his attorney, which was not without reason and he was within his right in so doing. There is no support for the allegation that petitioner had inadequate representation at his trial.

■ The issue of sufficiency of the evidence and of the law does not reach constitutional proportions reviewable by habeas corpus unless the record is entirely devoid of evidence. The question is whether there is *any* evidence to support the Court's verdict. Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654; Garner v. State of Louisiana, 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed.2d 207; Young v. Boles, 343 F.2d 136 (4th Cir. 1965); Stevens v. Warden, Maryland Penitentiary, 382 F. 2d 429 (4th Cir. 1967); Williams v. Peyton, 414 F.2d 776 (4th Cir. 1969). Since there is evidence to support his conviction, this contention is without merit.

■ The petitioner complains that he was denied his right to appeal because his attorney failed to process that appeal. The petitioner admits that he did not request his attorney to appeal his case. He was advised of his right to appeal both by the Court and by his attorney. He claims, however, that he told his attorney to "do something," and asserts that this meant to appeal his case. The State Court found that petitioner and his mother requested the attorney to use his best judgment with regard to appeal. The Court further found that petitioner did not request the attorney to take any particular course of action. Again we can refer to petitioner's own testimony in the State habeas hearing:

Q Now, didn't Judge Godwin advise you at the end of the trial that you had a right to appeal?

A Yes, sir.

Q Did you subsequently discuss that with your attorney?

A Yes, sir.

Q Was that here in the courtroom, or somewhere else?

A Private room, in the back.

Q Was anyone else present at the time of this discussion?

A My mother and brother.

Q Could you relate to the Court what the conversation was?

A He told me before I asked him, said there won't no need to appeal my case, because if I come back I'd get the same time again.

Q What did you say to him, if anything?

A Well, just discussing about the time I had to do. He said I'd do fifteen years before I was eligible for parole, and about this appeal.

Q Did you have any discussion with him about an appeal?

A No, sir.

Q Did you tell him to do anything?

A Well, I told him to do something, but he didn't do anything. I thought maybe he was going to appeal the case anyway.

Q You told him to do something?

A Yes, sir.

Q Did you discuss anything particular for him to do?

A Anything that would help me.

Q But you did not specify an appeal, or a motion for a new trial, or anything of that nature?

A No.

The petitioner sought and received the best judgment of his counsel and cannot now claim that he asked his attorney to appeal. Petitioner was not denied his right to appeal.

The findings of the State Court are amply supported by the records. Petitioner was there granted a full hearing with assistance of counsel. He has not carried his burden in this case, and is not entitled to relief.

It is ordered that:

1. The petition is denied.

2. Petitioner may appeal in forma pauperis by filing notice with the Clerk of this Court of such intention within 30 days from this date, and following the procedure prescribed by law. For the reasons hereinabove stated, a certificate of probable cause is denied. Upon the giving of timely notice of appeal, the Clerk will forward the papers in this cause, along with the State Court records

to the Circuit Court of Appeals for the Fourth Circuit, otherwise the Clerk will return such records to the Clerk's Office of the proper State Court.

3. The Clerk send copy of this Order to the Attorney General of Virginia, the Clerk of the Circuit Court of Southampton County, Virginia, and petitioner.