**James H. WILLIAMS, Appellee,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellant.**

No. 13183.

United States Court of Appeals Fourth Circuit.

Argued June 11, 1969.

Decided July 22, 1969.

Edward J. White, Asst. Atty. Gen., of Va. (Robert Y. Button, Atty. Gen., and Reno S. Harp, III, Asst. Atty. Gen. of Virginia, on brief), for appellant.

William C. Mach, Petersburg, Va., [Morton B. Spero, Petersburg, Va. (Court-assigned counsel), on brief], for appellee.

Before SOBELOFF, WINTER and BUTZNER, Circuit Judges.

SOBELOFF, Circuit Judge:

The Commonwealth of Virginia appeals from an order of the District Court granting a writ of habeas corpus to James Howell Williams, a Virginia prisoner currently serving an eight-year sentence for statutory burglary.

The petitioner was tried without a jury in the Petersburg City Hustings Court, and, following his conviction, was sentenced on February 5, 1965. A petition for a writ of error filed in the Supreme Court of Appeals of Virginia was denied on December 4, 1967. Williams then sought habeas corpus relief in the United States District Court. Relying on the state court record, the District Court granted the writ on December 4, 1968, finding that a total lack of evidentiary support for an essential element of the crime charged rendered the petitioner's conviction constitutionally invalid.

The record reveals that at the trial Mrs. Betty Cox of Petersburg testified that she saw someone enter her house through the front door at approximately 1 a. m. on November 21, 1964. Mrs. Cox stated that she was lying in her darkened bedroom but had left the living room lighted and the front door open because her daughter was expected home shortly. She saw the intruder walk slowly across the living room toward the bedroom. He directed a lighted flashlight into the dark room, hurriedly leaving the house when the light fell on Mrs. Cox's face. Mrs. Cox notified the police, who picked up the petitioner in the neighborhood about fifteen minutes later and took him to Mrs. Cox. She identified him as the intruder.

A police officer who was called to the Cox home testified that he saw the petitioner hiding about 200 yards from the house. He fled from the police but was pursued and captured. At that time he denied having been in Mrs. Cox's house.

When the petitioner testified at trial, he admitted having entered Mrs. Cox's house but attempted to explain his presence there. He stated that he had met two men earlier in the evening and had arranged to sell them some whiskey. Since they did not have enough money with them to pay for it, he drove them to the vicinity of Mrs. Cox's house, and they left the car allegedly to go and get more money. After waiting some time for the men to return, the petitioner went looking for them. Following their general direction, he saw that a single house on the block was lighted and entered in search of them. According to his version, he found no one home and left the house, hiding from the police because he feared they would find the illegal whiskey in his car. He denied having seen Mrs. Cox in the house.

Under Virginia law, the elements of statutory burglary are breaking and entering "the dwelling house of another in the nighttime with intent to commit a felony or larceny therein." § 18.1–86, Code of Virginia (1950). Specific intent is an essential element of the crime and "it is necessary for the intent to be established as a matter of fact before a conviction can be had." Taylor v. Commonwealth, 207 Va. 326, 150 S.E.2d 135, 141 (1966).

In the present case, the District Court concluded that, although there was ample evidence of a breaking and entering, no evidence supported the state court's finding of the petitioner's intent to commit larceny. The District Court therefore held that the petitioner had been convicted without due process of law. Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960).

When the sufficiency of the evidence supporting a state conviction is challenged by way of federal habeas corpus, the sole constitutional question is whether the conviction rests upon any evidence at all. Young v. Boles, 343 F.2d 136 (4th Cir. 1965). The probative strength of the evidence is not in issue. Applying that test to the instant case, we do not find the record so lacking in evidence of the petitioner's specific intent to commit larceny that a conviction for burglary is constitutionally precluded.

The petitioner entered a strange house in the middle of the night carrying a flashlight which he used to examine the unlighted part of the house. Finding the house occupied, he fled, and when first picked up by the police made a number of inconsistent statements regarding his presence in the neighbor-

hood. He also denied having a car, although his car was later discovered by the police approximately three-quarters of a mile from Mrs. Cox's house.

The petitioner's trial testimony conflicted with his earlier statements to the police. In the circumstances, the trier of fact could reasonably find that his version of the occurrence was not credible. Although the evidence of intent was not overwhelming, it must be recognized that intent is almost always established by circumstantial evidence. Looking at the entire record, we cannot say that there was no evidence from which the state court judge could rationally infer, as he did, that the petitioner entered the Cox home with the intent to commit larceny.

The order of the District Court granting a writ of habeas corpus is accordingly

Reversed.