**Walter Lee HOLLOWAY, Jr., Appellant,**

v.

**James D. COX, Superintendent, Virginia State Penitentiary, Appellee.**

**No. 14594.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 8, 1971.

Decided Jan. 29, 1971.

Richard A. Behrens (Court-assigned counsel), Washington, D. C., for appellant.

Overton P. Pollard, Asst. Atty. Gen. of Virginia (Andrew P. Miller, Atty. Gen. of Virginia, on the brief), for appellee.

Before BOREMAN, WINTER and BUTZNER, Circuit Judges.

BOREMAN, Circuit Judge:

Walter Lee Holloway, Jr., appeals from the district court's denial of his petition for a writ of habeas corpus.

Holloway urges that In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), dictates a revolutionary change in the duties and obligations of the federal courts in habeas corpus proceedings by requiring application of an entirely new standard in considering petitioner's challenge to the sufficiency of the evidence before the trier of fact. In that case a twelve-year-old boy was found guilty in a juvenile proceeding under a New York statute which permitted a finding of guilt upon a mere preponderance of the evidence. The Supreme Court declared that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt," 397 U.S. 358, 364, 90 S. Ct. at 1073, thus holding unequivocally that an accused has a *constitutional* right to proof of guilt beyond a reasonable doubt.

In the instant case, however, the trial court properly instructed the jury that Holloway could not be convicted unless the jury was convinced of his guilt be-

yond a reasonable doubt. The "reasonable doubt" standard, required by *Winship*, clearly was applied.

 Holloway contends that federal courts must review the sufficiency of the evidence in federal habeas corpus proceedings and determine that petitioner's state court conviction was supported by proof beyond a reasonable doubt. We reject this contention.

In Williams v. Peyton, 414 F.2d 776, 777 (4 Cir. 1969), this court held: "When the sufficiency of the evidence supporting a state conviction is challenged by way of federal habeas corpus, the sole constitutional question is whether the conviction rests upon any evidence at all." *In re Winship* declares the standard for reviewing sufficiency of the evidence upon direct appeal, but we think the "some evidence" standard is still appropriate in federal courts' review of sufficiency of the evidence before the state trial court in federal habeas corpus proceedings. To hold otherwise would require federal courts to exhaustively explore the state court transcript of the trial of every habeas corpus petitioner to be certain that there was evidence upon which the trier of fact should have found guilt beyond a reasonable doubt. To require such exhaustive review would transfer the ultimate fact finding function from state court juries to the federal courts. *In re Winship,* we hold, does not dictate this drastic change.

 In this case at bar, clearly there was "some evidence" from which the jury could have properly determined Holloway's guilt beyond a reasonable doubt pursuant to the court's instructions. In this appellate review of the district court's denial of a petition for a writ of habeas corpus, our inquiry need go no further.

Upon consideration of the record, briefs and oral arguments of counsel we find petitioner's other assertions of error to be without merit.

Affirmed.