Carl Ervin PRICE, Petitioner,

v.

A. E. SLAYTON, Jr., Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 72-C-33-D.

United States District Court,
W. D. Virginia,
Danville Division.

Sept. 19, 1972.

Carl Ervin Price, pro se.

Gilbert W. Haith, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION

WIDENER, Chief Judge.

On April 20, 1970, the petitioner was indicted by the grand jury of Wythe County, Virginia, for conspiracy to commit burglary. He was tried by jury in the Circuit Court of Wythe County on November 17 and 18, 1970. On November 18, 1970, the jury returned a verdict

of guilty and fixed the sentence at one year. Petitioner's counsel requested that the jury be polled and this was done by the clerk. The polling of the jury revealed that three jurors had voted not guilty, but had agreed to go along with a two-thirds majority verdict. Upon hearing this and questioning the jurors, the trial court, *sua sponte*, declared a mistrial and discharged the jury. Petitioner made no objection to the court's action. The petitioner was retried on February 11, 1971 before a different judge and jury. On February 13, 1971, the jury returned a verdict of guilty against the petitioner and fixed his punishment at five years. The trial court, on March 10, 1971, entered judgment upon the verdict and sentenced the petitioner to serve five years in the state penitentiary.

Petitioner now seeks relief from his sentence by way of habeas corpus pursuant to 28 U.S.C. § 2241. He asserts the following as his grounds for relief:

(1) That he was placed in jeopardy during his first trial and that his second trial upon the same indictment placed him twice in jeopardy in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

(2) That he received a greater sentence upon conviction in his second trial than he had received from the jury in his first trial, and that this violated his constitutional rights.

(3) That the evidence was not sufficient to sustain his conviction.

The petitioner has presented the above grounds to the Supreme Court of Virginia in a petition for a writ of error and supersedeas, which was denied by order dated November 10, 1971. He has exhausted his state remedies as required by 28 U.S.C. § 2254.

In Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the Supreme Court held that the double jeopardy provision of the Fifth Amendment was applicable to the States through the Fourteenth Amendment. Petitioner's first contention, that he was put twice in jeopardy by being tried a second time on the same indictment, will be considered in light of this decision.

The court has held that jeopardy attaches in a criminal case once a defendant is placed on trial before the trier of the facts. United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). However, in Wade v. Hunter, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949), the court said:

"The double-jeopardy provision of the Fifth Amendment, however, does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment. Such a rule would create an insuperable obstacle to the administration of justice in many cases in which there is no semblance of the type of oppressive practices at which the double-jeopardy prohibition is aimed. There may be unforeseeable circumstances that arise during a trial making its completion impossible, such as the failure of the jury to agree on a verdict. In such event the purpose of law to protect society from those guilty of crimes frequently would be frustrated by denying courts power to put the defendant to trial again . . . What has been said is enough to show that a defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments." 336 U.S. at 688, 69 S.Ct. at 837.

Thus, although jeopardy attaches in a criminal case once the jury is sworn, there are circumstances in which the trial court may abort the proceedings and the defendant then be retried without violating the double jeopardy clause of the Fifth Amendment. See United States v. Jorn, supra.

The leading case is United States v. Perez, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824), where the court held that a criminal defendant could be retried after

the trial court has discharged a jury which could not agree, irrespective of the fact that the defendant did not consent to such a discharge. In discussing the issue of reprosecution after the declaration of a mistrial without the defendant's consent, the court said:

"We think, that in all cases of this nature, the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; and in capital cases especially, courts should be extremely careful how they interfere with any of the chances of life, in favor of the prisoner. But, after all, they have the right to order the discharge; and the security which the public have for the faithful, sound and conscientious exercise of this discretion, rests, in this, as in other cases, upon the responsibility of the judges, under the oaths of office." 22 U.S. (9 Wheat.) at 580, 6 L.Ed. 165.

In Brock v. North Carolina, 344 U.S. 424, 73 S.Ct. 349, 97 L.Ed. 456 (1953), the trial court declared a mistrial, without defendant's consent, after two of the State's witnesses refused to testify. The defendant was tried a second time and found guilty on the same criminal charge. He alleged that this action placed him twice in jeopardy and violated the due process clause of the Fourteenth Amendment. The court rejected the defendant's contention and said: "Justice to either or both parties may indicate to the wise discretion of the trial judge that he declare a mistrial and require the defendant to stand trial before another jury. As in all cases involving what is or is not due process, so in this case, no hard and fast rule can be laid down. The pattern of due process is picked out in the facts and circumstances of each case." 344 U.S. at 427, 73 S.Ct. at 351.

In Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961), the trial court declared a mistrial *sua sponte* and without the defendant's express consent. The defendant was retried and claimed former jeopardy. In rejecting the defendant's claim, the court said: "Where, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment." 367 U.S. at 368, 81 S.Ct. at 1526.

■ The rule as laid down in *Perez*, supra, and the other cases mentioned above, is that although jeopardy attaches to a criminal defendant when the jury is sworn, the trial court, in its sound discretion, may declare a mistrial where there appears to be a manifest necessity for it or where the ends of justice so require. Where this is the case, the defendant may be retried without a violation of the double jeopardy clause of the Fifth Amendment. See United States v. Jorn, supra, and cases cited therein. See also United States v. Smith, 390 F.2d 420 (4th Cir.1968); Mack v. Commonwealth, 177 Va. 921, 15 S.E.2d 62 (1941); Jones v. Commonwealth, 86 Va. 740, 10 S.E. 1004 (1890); Va.Code Ann. (1960 Rep.Vol.) § 19.1–217.

In light of the controlling authorities, then, the issue presented to this court by petitioner's first contention is whether or not there was a manifest necessity for the trial court to declare a mistrial at petitioner's first trial on November 18, 1970.

■ The record of the first trial shows that the jury retired at 2:45 p.m.,

on November 18, 1970, and returned at 4:10 p.m. that same day. Upon returning the verdict was read by the clerk. The verdict was guilty with a sentence of one year. The petitioner's counsel then requested that the jury be polled and the court ordered this to be done. The polling of the jury revealed that three jurors had voted "not guilty," but that all the jurors had agreed to a two-thirds majority verdict, and that was why they returned a verdict of guilty against the petitioner. After questioning the jurors and determining that all of them did not agree, the trial court declared a mistrial and discharged them.

The Virginia Constitution, Art. I § 8, requires the unanimous consent of the jury before a criminal defendant may be convicted of any felony. § 19.1–217 of the Virginia Code gives trial courts the power to discharge a jury whenever they cannot agree on a verdict or in a case of manifest necessity. In the present case, the petitioner was denied his right to a unanimous verdict in his first trial when the jury agreed to a two-thirds verdict. The trial court, realizing this, questioned the jurors and after determining that they could not agree, exercised its power, declared a mistrial, and discharged the jury. From these facts, it is the opinion of this court that the trial court did not abuse its discretion and that there was a manifest necessity as required by *Perez*, supra, and Va. Code Ann. (Rep.Vol.1960) § 19.1–217, that the trial court declare a mistrial so that the petitioner would be assured of his right not to be convicted without the unanimous consent of the whole jury. There was no other course the court could have taken. Judgment of conviction could not have been entered on the verdict because it was not unanimous; yet it would have been equally improper to enter a judgment of acquittal. The court is of opinion that the action of the trial judge was not only proper, it was the only proper course he could have taken.

■ Petitioner's second contention is that a harsher sentence was imposed on him in his second trial than he received in his first trial and that this violated his constitutional rights. He relies on Patton v. State of North Carolina, 381 F.2d 636 (4th Cir.1967), cert. den. 390 U.S. 905, 88 S.Ct. 818, 19 L.Ed.2d 871 (1968), to support his claim.

In *Patton*, the issue presented to the court was whether a defendant could receive a harsher sentence at his second trial, after his first conviction had been vacated on constitutional grounds. The Fourth Circuit held that this could not be done because the effect would be to deter and punish those who sought to assert their constitutional rights by using the appellate procedure to seek review of their convictions.

This same view was expressed by the Supreme Court in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). There, the court held that whenever a court imposed a harsher sentence upon a defendant after he had been reconvicted, it must affirmatively state the reasons for such a sentence. In light of this requirement, the court also said: "We hold, therefore, that neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe sentence upon reconviction." 395 U.S. at 723, 89 S.Ct. at 2079. The effect of such a harsher sentence without adequate justification, the court felt, would be to place a price on an appeal and that this would violate the due process clause. In discussing double jeopardy, the court further stated: "Long-established constitutional doctrine makes clear that, beyond the requirement already discussed, the guarantee against double jeopardy imposes no restrictions upon the length of a sentence imposed upon reconviction." 395 U.S. at 719, 89 S.Ct. at 2077.

Both *Patton*, supra, and *Pearce*, supra, however, involved a harsher sentence being imposed upon a defendant after he had been convicted, had his first conviction vacated, and had been reconvicted at a subsequent trial. These cases, therefore, are not in point with respect to the present case. In the present case,

the petitioner was never convicted at his first trial because the court never accepted and recorded the jury's verdict as required by Va.Code Ann. (1960 Rep. Vol.) § 19.1–248. Petitioner was neither convicted nor sentenced. Thus, he was not reconvicted at his second trial because he was never convicted at his first trial; he was merely reprosecuted because the trial court declared a mistrial out of manifest necessity when the jury could not agree on a unanimous verdict as required by the Virginia Constitution. The court is of opinion that *Patton*, supra, and *Pearce*, supra, are not applicable to the present case because they dealt with defendants who had been reconvicted following a successful appeal of their first conviction and not with one who had only been reprosecuted after a mistrial. Cf. Colten v. Commonwealth of Kentucky, 407 U.S. 104, 92 S. Ct. 1953, 32 L.Ed.2d 584. The court is accordingly of opinion that petitioner's second contention is without merit.

■ The third contention is that the evidence produced at his trial was insufficient to support his conviction. After reviewing the record of petitioner's trial in February, 1971, the court is of opinion that there was ample evidence produced which supported the guilty verdict and that the conviction was not ". . . so totally devoid of evidentiary support as to raise a due process issue." Grundler v. State of North Carolina, 283 F.2d 798, 801 (4th Cir.1960). Since there was at least some evidence from which the jury could have found the petitioner guilty, this court should not inquire any further into the matter. Holloway v. Cox, 437 F.2d 412 (4th Cir.1971); Williams v. Peyton, 414 F.2d 776 (4th Cir. 1969). The court is of opinion that the petitioner's third claim is also without merit.

The records in this case disclose all the pertinent factual matters necessary for the determination of all petitioner's claims. No further hearing is required. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

An order is this day entered consistent with this opinion.