**Luther DURHAM, Jr., Petitioner,**

v.

**E. L. PADERICK, Virginia State Penitentiary, and Attorney General of Virginia, Respondents.**

**Civ. A. No. 73-C-52-H.**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Nov. 19, 1973.

Linwood T. Wells, Jr., Asst. Atty. Gen., Richmond, Va., for respondents.

## OPINION and JUDGMENT

DALTON, District Judge.

On November 18, 1965, following a three-day trial in the Circuit Court of Frederick County, Virginia, petitioner Luther Durham, Jr. was found guilty of murder by a jury and sentenced to life imprisonment. Durham was denied a writ of error by the Supreme Court of Virginia, and the United States Supreme Court denied his petition for a writ of certiorari. Durham v. Virginia, 387 U. S. 910, 87 S.Ct. 1694, 18 L.Ed.2d 629 (1967). Durham then sought relief from his conviction by filing a petition for a writ of habeas corpus in this court, pursuant to 28 U.S.C. § 2241 et seq. The court, Widener, J., held *inter alia* that petitioner had been denied the right to a fair and impartial trial in that one of the veniremen was permitted to sit on the jury which convicted petitioner even after the venireman had been challenged for cause after stating that he was acquainted with one of the murder victims, and that this would be considered by him in his deliberations. Relief was granted, the order reciting that the petitioner be granted a new trial or be released. Durham v. Cox, 328 F.Supp. 1157 (W.D.Va.1971). After this successful habeas corpus proceeding in this court, petitioner was again tried for murder on July 8, 1972, in the Circuit Court of Frederick County before Hon. George F. Whitley, Jr., sitting as judge designate, and after a four-day trial was found guilty by a jury of murder of the first degree, and once again sentenced to life imprisonment.

Petitioner, by court-appointed counsel, appealed this second conviction by way of a petition for a writ of error to the Supreme Court of Virginia, on the grounds that the trial court should have granted a change of venue, that it erred in admitting evidence pertaining to the circumstances and fact of petitioner's escape from the Frederick County Jail prior to his original trial, that it erred in overruling petitioner's motion to strike the evidence as to the charge of first degree murder, that the trial court erred in granting certain instructions, and that it erred in overruling petitioner's motion to set aside the verdict as being contrary to the law and evidence. By an opinion dated August 30, 1973, the Supreme Court of Virginia affirmed the judgment of the lower state court, primarily upon a finding of sufficient evidence to have warranted the trial court's instruction that a homicide committed in the commission, or an attempt to commit, robbery is murder of the first degree.

Petitioner challenges the validity of his conviction in this court by way of a petition for a writ of habeas corpus filed *in forma pauperis* by alleging that (a) the trial court should have granted him a change of venue because of adverse publicity, and (b) the trial court should not have admitted evidence of the circumstances and fact of petitioner's escape while pending his original trial. Petitioner also asks that the remainder of his contentions in his petition for a writ of error to the Supreme Court of Virginia be incorporated in his petition herein.

Since allegations (a) and (b) above were included in the petition for a writ of error in the state court, petitioner has exhausted his available state remedies, as is required under 28 U.S.C. § 2254.

■■ As to allegation (a), petitioner alleges that he had been tried in the same state court before and subjected to "much adverse publicity in the form of newspaper articles and magazine stories." He alleges that in his most recent trial one of the jurors admitted that she had "discussed the case" and that "most of the jurors admitted that they were friends of or familiar with the alleged victim." In view of the recent decision of the Court of Appeals for the Fourth Circuit in Wansley v. Slayton, 487 F.2d 90 (1973), it is the opinion of this court that petitioner's allegation that he received an unfair trial because of prejudicial pre-trial publicity provides an inadequate basis to merit habeas corpus relief. For petitioner's contention to be of merit, it would be necessary to conclude that the jurors were both exposed to the alleged adverse publicity and were prejudiced thereby. This we cannot merely assume. "It is not sufficient to simply allege adverse publicity without a showing that the jurors were biased thereby." Ignacio v. People of Territory of Guam, 413 F.2d 513, 518 (9th Cir. 1969), cert. denied, 397 U.S. 943, 90 S.Ct. 959, 25 L.Ed.2d 124 (1970), cited in Wansley v. Slayton, *supra.* Likewise, it is insufficient to simply allege that the jurors were acquainted with the murdered victim. It has to be shown that they were biased thereby, as was done by Durham in his earlier successful petition to this court. It is not asking too much of petitioner to sustain the burden of showing the essential unfairness he contends should be the basis for having his conviction set aside, and that it be sustained not as a matter of speculation only, but as a demonstrable reality. *See* Darcy v. Handy, 351 U.S. 454, 76 S.Ct. 965, 100 L.Ed. 1331 (1956). Petitioner has not adequately supported his claim as to the alleged prejudicial effect of pre-trial publicity as a demonstrable reality, nor has he shown any inherent prejudice in the fact that members of the jury were acquainted with the murder victim; his claim must therefore be rejected.

■■ Petitioner next contends that it was error for the trial court to have

admitted into evidence the facts and circumstances surrounding petitioner's escape from custody while awaiting trial. This contention raises what is strictly a matter of state law and procedure, one not normally involving federal constitutional issues. *See* Grundler v. State of North Carolina, 283 F.2d 798 (4th Cir. 1960). In the context of the trial accorded petitioner this court finds no indication of fundamental unfairness, which constitutes the only instance in which a federal question would be presented. Grundler v. State of North Carolina, *supra*. This court therefore will express no opinion as to the state courts' resolution of the issue raised. "The role of a federal habeas corpus petition is not to serve as an additional appeal." *Grundler, supra,* at 802. Petitioner's contention that the trial court erred in granting certain motions will not be considered by this court for the same reasons.

The remainder of petitioner's allegations included in his petition for a writ of error to the Supreme Court of Virginia relate to the sufficiency of evidence leading to his conviction. This court must hold that this contention is not a ground for habeas corpus relief, as petitioner's own writ of error in the state courts shows that there was *some* evidence supporting the conviction. "When the sufficiency of the evidence supporting a state conviction is challenged by way of federal habeas corpus, the sole constitutional question is whether the conviction rests upon any evidence at all." Williams v. Peyton, 414 F.2d 776, 777 (4th Cir. 1969), cited in Holloway v. Cox, 437 F.2d 412, 413 (4th Cir. 1971).

For the above reasons, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the writ denied.

The clerk is directed to send certified copies of this opinion and judgment to petitioner and to counsel for respondent.