**Gerald Lynn YOUNG, Petitioner,**

v.

**E. L. PADERICK, Superintendent and The Attorney General of the State of Virginia, Respondents.**

**Civ. A. No. 74–C–100–R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

July 22, 1974.

Gilbert W. Haith, Asst. Atty. Gen., Richmond, Va., for respondents.

OPINION and JUDGMENT

DALTON, District Judge.

On May 5, 1972, petitioner Gerald Lynn Young was convicted of rape after a trial by jury in the Circuit Court (formerly Hustings Court) of the City of Roanoke, Virginia. Petitioner was sentenced to a term of twenty-three years, and is presently incarcerated at the State Penitentiary in Richmond.

Petitioner filed his *pro se* petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 in this court on May 24, 1974, attacking the validity of his conviction by alleging that there was insufficient evidence for the jury to have convicted him and that he was illegally interrogated prior to his trial.

Petitioner appealed his conviction to the Virginia Supreme Court by way of direct appeal and his petition for a writ of error was denied and the conviction affirmed by an order entered December 1, 1972. The only allegation of the petition presented herein which was raised on this direct appeal is the allegation of insufficiency of the evidence.

Petitioner also filed a petition for a writ of habeas corpus in the Virginia Supreme Court in which he alleged both insufficiency of the evidence and the use of an illegal interrogation. This petition for a writ of habeas corpus was denied and dismissed by an order of the Virginia Supreme Court dated March 19, 1974. Petitioner has therefore exhausted his state court remedies as to the allegations of the petition herein.

 As to the allegation pertaining to the sufficiency of the evidence before the jury, petitioner complains that his conviction is void because the Commonwealth did not present a medical report showing proof of an emission in the prosecutrix. To the contrary, Virginia law does not require proof of emission as an element of rape. Coles v. Peyton, 389 F.2d 224, 227 (4th Cir. 1968). As to petitioner's intimation that the evidence presented to the jury which convicted him was insufficient, it is not a ground for habeas corpus relief in a federal court. "When the sufficiency of the evidence supporting a state conviction is challenged by way of federal habeas corpus, the sole constitutional question is whether the conviction rests upon any evidence at all." Williams v. Peyton, 414 F.2d 776, 777 (4th Cir. 1969), cited in Holloway v. Cox, 437 F.2d 412, 413 (4th Cir. 1971). This court has read the trial transcript of petitioner's trial and is of the opinion that there is clearly more than "some evidence" from which the jury could properly have de-termined petitioner's guilt beyond a reasonable doubt pursuant to the trial court's instructions.

 As to petitioner's allegation of an illegal interrogation, the court has examined the trial transcript and has found no evidence at all of any statement of any sort made by the petitioner having been introduced as evidence against him at his trial. It does appear that a statement made by Young to a police officer following his arrest was introduced into evidence at an earlier trial in March of 1972 at which he was tried for another rape (this trial resulted in a mistrial because of a hung jury), and that the transcript of this trial was made a part of the record in petitioner's subsequent trial. However, the trial judge made the transcript a part of the record only for the purpose of certain pretrial motions and no statement made by petitioner to his arresting officers was put before the jury at his second trial. Petitioner can complain of no prejudice on this account.

For the foregoing reasons, it must be adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the writ denied.