Jesse Lynn YOUNG, Petitioner,

v.

J. S. GATHRIGHT, Superintendent,
Respondent.

Civ. A. No. 74–C–152–R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Sept. 24, 1974.

Gilbert W. Haith, Asst. Atty. Gen.,
Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Petitioner, Jesse Lynn Young, has filed *in forma pauperis* a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Young, a state prisoner, is presently being detained in Bland Correctional Farm pursuant to a judgment of the Circuit Court of Franklin County, Virginia, wherein he was convicted after entering a plea of not guilty of sodomy and sentenced to four years imprisonment. Young appealed his conviction to the Virginia Supreme Court which denied his petition for a writ of error and affirmed his conviction by an order entered February 26, 1974. As Young has presented the allegations contained in this petition to the Virginia Supreme Court, he has exhausted his state remedies as required by 28 U.S.C. § 2254.

On January 29, 1973, petitioner was arrested for forced sodomy. On June 29, 1973, he was tried in the Circuit Court of Franklin County on an indictment charging abduction, robbery by violence and forced sodomy. Petitioner waived his right to a jury trial and entered a plea of not guilty. The court, after hearing all the evidence presented by the prosecution and the defense, found petitioner not guilty of abduction and robbery by violence, but found him guilty of forced sodomy and petit larceny. Petitioner now attacks this judgment on seven grounds which can be summarized as follows:

1) The evidence was insufficient to support the verdict.

2) Results of lie detector tests were improperly admitted at trial.

3) The indictment was improperly amended prior to his trial.

4) There occurred improper pre-trial identification procedures in that a lineup was conducted without the presence of counsel.

Petitioner's first contention is that the verdict was contrary to the law and evidence. Relating to and in support of this contention, petitioner asserts two other contentions as separate grounds for relief. The first is that because he had been acquitted of abduction and robbery by violence he could not have been found guilty of forced sodomy. The second is that his conviction for forced sodomy cannot stand in view of the complaining witness' failure to attempt to escape or to resist petitioner. Petitioner's contentions are without merit.

■ In considering a petition for a writ of habeas corpus, a charge of insufficiency of the evidence does not state a constitutional claim, and hence a ground for relief, unless there is no evidence to support the conviction. Williams v. Peyton, 414 F.2d 776 (4th Cir. 1969); Holloway v. Cox, 437 F.2d 412 (4th Cir. 1971). After careful review of the trial transcript, this court finds that there is clear evidence to support petitioner's conviction of forced sodomy. The victim testified to the occurrence of all elements of the crime of forced sodomy and petit larceny and further identified the petitioner as her attacker. She further identified petitioner's car as the car she was forced into. This later testimony was corroborated by another witness who testified that on the night of the offense, he saw petitioner driving the car the victim had earlier described. Because the elements of the crimes of abduction and robbery by violence are not the same as for forced sodomy or petit larceny, the state court could have acquitted and, given the facts of this case, was justified in acquitting on the counts of abduction and robbery by violence while convicting on the charges of forced sodomy and petit larceny.

■ Petitioner's second contention relates to the admission at trial of polygraph or lie detector tests. Though not dispositive of this contention, this court notes that these tests were introduced into evidence by the defense without objection by the Commonwealth. Review of whether evidence was properly admitted at trial is not proper by way of a habeas corpus proceeding and this court will not review such questions absent a finding that petitioner's trial as a

whole violated "fundamental fairness". Grundler v. North Carolina, 283 F.2d 798 (4th Cir. 1960). This court's review of the trial transcript indicates no such unfairness.

 This court must similarly dispose of petitioner's third contention that the indictment under which he was tried was improperly amended prior to trial. As such changes are again strictly matters of state law and procedure, this court will not overrule a state court on this point in a habeas corpus proceeding unless petitioner's trial offends the concept of fundamental fairness. *See Grundler, supra.* The amendment of the indictment did not violate this concept. At all times, the petitioner and his counsel were aware of the nature of the offense with which petitioner was charged, including its code section. The effect of the amendment was simply to conform the language of the indictment with that of the statute. Though petitioner's counsel objected at trial to this amendment, there was no request for a continuance. Neither was there an allegation of surprise asserted at trial or in this court.

Petitioner's final contention is that he was required to participate in a pre-trial, pre-indictment lineup without the presence of counsel. The lineup occurred before formal charges had been filed against the petitioner. There is a dispute as to whether petitioner was advised of his right to counsel before the lineup occurred. The facts of this case are strikingly similar to those that were before the United States Supreme Court in Kirby v. Illinois, 406 U.S. 682, 92 S. Ct. 1877, 32 L.Ed.2d 411 (1972). The court held, *per* Mr. Justice Stewart, that the constitutional right to counsel does not attach until "at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." Since the petitioner was not constitutionally entitled to counsel at the time of his pre-indictment confrontation with the identifying witness, the challenged in-trial identification testimony was constitutionally admissible into evidence.

For the above reasons, the petition for a writ of habeas corpus is denied and this case is dismissed. The petitioner is advised that he may appeal this judgment to the United States Court of Appeals for the Fourth Circuit within 30 days from the date of this judgment.

The clerk is directed to send a certified copy of this opinion and judgment to petitioner and counsel for respondent.