**Jerry Lee BARKSDALE, Petitioner,**

v.

**A. T. ROBINSON, Superintendent Powhatan Correctional Center, Respondent.**

**Civ. Action No. 75–0027 (D).**

United States District Court, W. D. Virginia, Danville Division.

June 23, 1975.

Alan Katz, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Petitioner, Jerry Lee Barksdale, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 attacking his conviction in the Circuit Court of Halifax County on January 21, 1974 for second degree murder. He was sentenced to serve a term of twenty one years in the Virginia State Penitentiary. Petitioner appealed his conviction to the Virginia Supreme Court, which by order dated October 28, 1974 denied his petition for a writ of error and affirmed his conviction. In his appeal, petitioner asserted all grounds for relief presented in this proceeding. This court has jurisdiction under 28 U.S.C. § 2241.

In this petition, petitioner makes three allegations:

1) Involuntary statements, made without the presence of counsel and without being advised of his rights, were admitted at trial.

2) He was not timely brought before a judge of a court not of record, as state law requires.

3) The prosecution failed to prove that alleged crime occurred within the trial court's venue.

Petitioner's first claim alleges that after his arrest Sheriff T. R. Coates of Halifax County interrogated him, forced him to sign a waiver of rights and then extracted from him an involuntary statement. Petitioner's statement, whose voluntariness is attacked, contained petitioner's description of the events and circumstances surrounding the homicide for which he was convicted. In this statement, petitioner said, *inter alia*, that he in fact shot the victim.

Petitioner's contention is without merit. After a thorough hearing in chambers, the state trial court found that petitioner had been advised of his rights to counsel and to remain silent before any statement was given and that

he was not induced by any promises or threats to give this statement. Tr. 28–54. In any event, any use of the statement at trial was harmless error since petitioner repeated the substance of the statement, including the fact that he shot the victim, when he testified at trial in his own defense.

Petitioner's second ground for relief is that his conviction is invalid for failure to comply with the provisions of *Va.Code Ann.* § 19.1–241.2, which prescribes that a person arrested be brought before a judge of a court not of record on the first day that court sits after the arrest. Petitioner was arrested on July 6, 1973. He was brought before the court not of record in Halifax County, where he was eventually tried, on July 13, 1973. This was the third day that court sat after petitioner's arrest. However, the record indicates that the petitioner was arrested in Richmond, Virginia and that after his arrest in Richmond, he was immediately taken to the magistrate in Richmond. Bail was set at that time at $25,000. The following day, July 7, 1973, he was taken to Halifax County.

This court is of the opinion that this ground for relief is without merit. Compliance with the statute in question is a matter of state law. The state trial court decided after a hearing that the statute was not violated. This court will not in a habeas corpus proceeding disturb that finding unless the state criminal process, taken as a whole, impugns the concept of fundamental fairness. *Grundler v. North Carolina,* 283 F.2d 798 (4th Cir. 1960).

Viewing petitioner's state criminal proceedings as a whole, this court finds that his treatment comported with fundamental fairness.

Petitioner's final contention is that the prosecution failed to prove that the offense occurred within the jurisdiction of Halifax County. This claim constitutes an attack upon the sufficiency of the evidence to support his conviction.

Only where there is no evidence to support an element of the offense will federal habeas relief lie. *Williams v. Peyton,* 414 F.2d 776 (4th Cir. 1969). In this case, there was evidence that the offense occurred in Halifax County. This was sufficient.

For the above reasons, respondent's motion to dismiss is granted and this case is dismissed.

The petitioner is advised that he may appeal this decision to the United States Court of Appeals for the Fourth Circuit by filing with this district court a notice of appeal within thirty (30) days from the date of this judgment.