**Van Prince WELCH**

v.

**Walter M. RIDDLE et al.**

**Civ. A. No. 75–0179–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 15, 1975.

See also, D.C., 402 F.Supp. 468.

Van Prince Welch, pro se.

Robert E. Shepherd, Jr., Asst. Atty. Gen., Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Petitioner, an inmate of the Virginia State Penitentiary, seeks a writ of habeas corpus attacking a judgment of conviction for statutory burglary rendered by the Circuit Court of the City of Virginia Beach, Virginia. On the basis of this conviction he was sentenced to five years in the state penitentiary. Petitioner alleges he is illegally detained because the evidence before the state trial court was insufficient to sustain a conviction and that the state trial court improperly overruled the motion to suppress the evidence against petitioner on the ground that it was obtained by an illegal search and seizure. Respondent Riddle is Superintendent of the Virginia State Peniten-

tiary in which petitioner is confined. Jurisdiction is proper pursuant to 28 U.S.C. § 2254. This Court dismissed an earlier habeas petition filed by petitioner which raised the same issues, because of the failure of petitioner to exhaust his state remedies. *Welch v. Riddle,* Civil Action No. 73–579–R (E.D.Va. May 10, 1974). Petitioner subsequently exhausted his state remedies and refiled this action. The matter is before the Court on respondent's answer and motion to dismiss and petitioner's response thereto. For the following reasons, respondent's motion to dismiss must be sustained.

The state court trial transcript reveals the following evidence: On October 20, 1972, at 2:50 a.m., Detective McAlea of the Virginia Beach Police Department was patroling a commercial section of the city in which several break-ins had occurred. At this early morning hour, few automobiles, either parked or moving, were found in that area of town. At approximately 2:50 a.m., Detective McAlea approached a white van whose engine was running, but whose lights were not on. The van's lights flashed on and it drove away as Detective McAlea passed in his marked patrol car. The policeman made a U-turn and followed the van for a block before he stopped it. As the policeman approached the van, he saw two cutting tanks in the back of it. While waiting for the driver to produce identification, the officer flashed a light into the van and observed two men, one of whom was the petitioner, slouched in the back along with the two cutting tanks. The driver of the van denied knowing about the existence of the tanks in his van, who they belonged to, or who the two men were. At this point, the officer called for assistance. Investigation of the Virginia Beach Lawn Mower and Welding Company, the building beside which the van was parked at the time Detective McAlea spotted the vehicle, revealed that windows of the establishment had been broken and the door

had been "jimmied." The owner of the business subsequently arrived at the scene and determined that two tanks and $24.00 had been taken. The owner identified the tanks found in the van as those taken from his store and the three occupants of the van were found to have $8.00 each in their right front pockets. Moreover, fresh dolley tracks were found leading from Virginia Beach Lawn Mower and Welding Company through the mud to a spot near the location of the van at the time it was first observed by Detective McAlea.

■■ Despite these facts, petitioner attacks the sufficiency of the evidence against him raising various inferences from the testimony of witnesses. The sufficiency of evidence to support a state court judgment cannot be considered on habeas corpus unless that conviction is totally devoid of evidentiary support. *Williams v. Peyton,* 414 F.2d 776 (4th Cir. 1969); *Young v. Boles,* 343 F.2d 136 (4th Cir. 1965). This Court cannot reach such a conclusion in light of the evidence outlined above.

■ Petitioner's allegation concerning the legality of the search and seizure of the van, however, is not so easily disposed of. This Court rejects the respondent's assertion that a claim for relief based on the state's use of evidence obtained allegedly in violation of petitioner's Fourth Amendment rights is not cognizable in a federal habeas corpus proceeding. It is indisputable that "evidence obtained by searches and seizures in violation of the Constitution is, by that same authority, inadmissible in a state court." *Mapp v. Ohio,* 367 U.S. 643, 655, 81 S.Ct. 1684, 1691, 6 L.Ed.2d 1081 (1961). The right to have illegally seized evidence excluded from trial, then, is a constitutional right. Hence, convictions bottomed on evidence obtained by searches or seizures which transgress the Fourth Amendment in violation of the Constitution of the United States are void. Federal habeas corpus is available

to persons suffering from just such a violation. *Kaufman v. United States,* 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969). Although there are dissenting and concurring opinions to the contrary *(See Schneckloth v. Bustamonte,* 412 U.S. 218, 250, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) (Powell, J., concurring); *Kaufman v. United States, supra,* 394 U.S. at 242, 89 S.Ct. 1068 (Black, J., dissenting), the present state of the law specifically permits the raising of Fourth Amendment claims by state prisoners in federal habeas corpus proceedings. *Kaufman, supra; Mancusi v. DeForte,* 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (1968). Respondent's patent invitation that this Court ignore Supreme Court holdings is most emphatically declined.

The essence of petitioner's complaint is that Detective McAlea was unjustified in stopping the van in which petitioner and the stolen property were found. Should the Court find, as it does, that the initial "seizing" of the van was constitutionally permitted, the subsequently obtained evidence would be unobjectionable. The state proposes to justify the initial stopping of the van by § 46.1–8 of the Code of Virginia (1950). This statute provides broad authorization for uniformed policemen to stop any motor vehicle in order to inspect the vehicle as to its equipment, operation or other appropriate purposes. The issue before the Court in reviewing a state-approved search or seizure, however, is not whether the search or seizure is authorized by state statute. Rather, the issue is whether the search or seizure was reasonable under the Fourth Amendment. *Sibron v. New York,* 392 U.S. 40, 61, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); *Cooper v. California,* 386 U.S. 58, 61, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967). The Court concludes that the search and seizure in the instant case falls within permissible constitutional limits.

It is well settled that a police officer may stop or "seize" a person under circumstances falling short of probable cause to arrest. *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). This proposition holds true for stopping motor vehicles as well. *United States v. Patterson,* 161 U.S.App.D.C. 281, 495 F.2d 107 (1974); *United States v. Fisch,* 474 F.2d 1071 (9th Cir. 1973); *Orricer v. Erickson,* 471 F.2d 1204 (8th Cir. 1972). The police, of course, are not free to stop motor vehicles systematically or randomly on the chance of discovering something illegal. *Almeida-Sanchez v. United States,* 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973); *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *United States v. Mallides,* 473 F.2d 859 (9th Cir. 1973). They can, however, stop persons and motor vehicles where circumstances indicate criminal conduct may be under foot. *Adams, supra; Terry, supra.* This Court is satisfied that the stopping of the van was justified under the *Terry* principles. The unlighted van was parked at 2:50 a.m. in a commercial area of the city which had been subjected to then recent break-ins. The engine was running. As the marked patrol car approached, the van turned on its lights and drove away. This circumstance certainly warranted the limited police investigation that followed. The tanks were in plain view when the officer questioned the driver. *See United States v. Allen,* 472 F.2d 145 (5th Cir. 1973); *United States v. Rollerson,* 491 F.2d 1209 (5th Cir. 1974). The driver's denial of ownership—or even knowledge—of the tanks fully justified the subsequent police investigation.

An appropriate order will issue.