Van Prince WELCH

v.

Capt. EVANS, Virginia Beach City Jail.

Civ. A. No. 73–631–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 17, 1975.

Van Prince Welch, pro se.

Carter R. Anderson, Jr., Ass't. Commonwealth Atty., Virginia Beach, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, an inmate at the Virginia State Penitentiary, brings this action against a city jailor, one Captain Evans, alleging that Evans willfully or negligently interfered with plaintiff's access to the courts by failing to transmit to this Court plaintiff's petition for a writ of habeas corpus and the accompanying filing fee. Plaintiff's petition has subsequently been filed with this Court. *Welch v. Riddle*, D.C.Va., 402 F.Supp. 464. Jurisdiction is attained pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343. This Court has previously denied defendant's motion to dismiss for failure to state a claim on which relief can be granted. *Welch v. Evans*, Civil Action No. 73–631–R (Jan. 14, 1974). The matter comes before the Court on its own determination to dismiss the action without prejudice.

Suffice it to say, defendant had a clear duty to transmit plaintiff's petition and filing fee to the Court to which they were addressed. See *Ex parte Hull*, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941); *Blanks v. Cunningham*, 409 F.2d 220 (4th Cir. 1969); *Coleman v. Peyton*, 340 F.2d 603 (4th Cir. 1965). Even negligence on the part of the defendant which prevented the plaintiff's access to the courts may give rise to a claim under 42 U.S.C. § 1983. *McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972). The extent of the injury, if any, arising from the alleged negligence of the defendant is dependent on the ultimate success of the plaintiff's habeas corpus petition. Should plaintiff's writ

be denied, his damages under § 1983 would be de minimus. Should the plaintiff prevail in his petition for writ of habeas corpus, his § 1983 cause of action might well be substantial. In any event, the Court deems resolution of plaintiff's habeas corpus petition a precondition to proper resolution of plaintiff's § 1983 action. Accordingly, the Court will dismiss this action, without prejudice, subject to refiling upon final resolution of plaintiff's habeas corpus petition. Fed. R.Civ.P., Rule 41(b).

An appropriate order will issue.