646 F.2d 123
 Roger Trenton DAVIS, Appellee,
v.
Jack F. DAVIS, Director, Virginia State Department of
Corrections, and R. M. Muncy, Superintendent,
Powhatan Correctional Center, Appellants.
 No. 77-1782.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 7, 1980.
Decided April 7, 1981.
 
 James E. Kulp, Deputy Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen. of Virginia, Richmond, Va., on brief), for appellants.
 Edward L. Hogshire, Charlottesville, Va. (Paxson, Smith, Boyd, Gilliam & Gouldman, P. C.; John C. Lowe, Lowe & Gordon, Ltd., Charlottesville, Va., on brief), for appellee.
 Before HAYNSWORTH, Chief Judge, and WINTER, BUTZNER, RUSSELL, WIDENER, HALL, PHILLIPS, MURNAGHAN, SPROUSE and ERVIN, Circuit Judges, sitting en banc.
 PER CURIAM:
 
 
 1
 The petitioner, a prisoner of the Commonwealth of Virginia, was convicted on charges of possession with intent to distribute and distribution of marijuana, and received two consecutive sentences of a $10,000 fine and twenty years imprisonment. The district court granted a writ of habeas corpus on the ground that these sentences were so disproportionate to the offenses as to constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. 432 F.Supp. 444 (W.D.Va.1977). A panel of this court reversed. 585 F.2d 1226 (4th Cir. 1978).
 
 
 2
 Upon rehearing en banc on the motion of the petitioner, this court affirmed the district court's judgment. 601 F.2d 153 (4th Cir. 1979). The Supreme Court granted the respondent's petition for a writ of certiorari, vacated this court's judgment and remanded the case for further consideration in light of Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).
 
 
 3
 The judgment of the district court is affirmed on an equal division of the en banc court.
 
 
 4
 AFFIRMED.
 
 
 5
 WIDENER, Circuit Judge, dissenting, in which dissent he is joined by RUSSELL and HALL, Circuit Judges.
 
 
 6
 I dissent to the refusal of the en banc court to reverse the judgment of the district court appealed from for the reasons set forth in detail in the panel opinion of this court at 585 F.2d 1226 (4th Cir. 1978),[1] and in the dissenting opinion to the opinion of the court in the first en banc consideration of this case found at 601 F.2d 153 (4th Cir. 1979).
 
 
 7
 Further, because the judgment of this court in the en banc decision in this very case, 601 F.2d 153 (4th Cir. 1979), was vacated and remanded by the Supreme Court[2] for further consideration in the light of Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), I think the decision in Rummel deserves special consideration. Rummel, as I see it, takes essentially the same view as does the panel opinion in this case which reversed the district court.[3] If that is true, as I think it is, the disposition of the present en banc court in this case should have been a simple reversal for which no extensive opinion was necessary, if any opinion at all, for the various views of the law in this case had been sufficiently explored in the panel opinion and in the Supreme Court's opinion in Rummel.
 
 
 8
 Accordingly, I respectfully dissent.
 
 
 
 [1]
 In the panel opinion at page 1233, speaking to the sufficiency of the evidence, we relied on Williams v. Peyton, 414 F.2d 776 (4th Cir. 1969), which at that time was circuit precedent as to the sufficiency of evidence in habeas corpus review using the any evidence at all rule as found in Thompson v. Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). In 1979, however, Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), was decided, changing the standard for habeas corpus review from any evidence at all to one that required evidence which would permit "any rational trier of fact" "to have found the essential elements of the crime beyond a reasonable doubt." (Italics in original.) Under the rule in Jackson v. Virginia, as in Williams v. Peyton, the evidence in this case not only permits the finding as to punishment by a rational trier of fact, it fully supports it. This is not a case of life imprisonment for a parking ticket, see Rummel, 445 U.S. at 274, n. 11, 100 S.Ct. at 1139, or even a simple street corner sale of drugs from one high school child to another
 
 
 [2]
 445 U.S. 947, 100 S.Ct. 1593, 63 L.Ed.2d 732 (1980) sub nom Davis v. Hutto
 
 
 [3]
 Specifically, the Supreme Court, in its opinion in Rummel, rejected our decision in Hart v. Coiner, 483 F.2d 136 (4th Cir. 1973). Hart was relied on by the district court in its opinion, and the only reason for the judgment of the en banc court given in its per curiam opinion, other than that less than nine ounces of marijuana was involved, was that it affirmed "for reasons sufficiently stated by the district judge in his opinion." 601 F.2d at 154. The Supreme Court also construed Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910), in the same manner as did the panel in this case. The district court opinion which is affirmed in this case relied on Weems and Hart just as did the majority of the Fifth Circuit panel in Rummel, see 445 U.S. at 267, 100 S.Ct. at 1135, which was overruled by the Fifth Circuit sitting en banc, see 445 U.S. at 268, 100 S.Ct. at 1136. The en banc opinion of the Fifth Circuit, of course, was affirmed by Rummel. Weems and Hart are the essential roots of all the argument in this case, and the construction given by the district court to each of them has been specifically rejected by the Supreme Court in Rummel